<div style="margin">
4   553
5    70
30° 659
31° 328

4   553
7    35
30° 659
34° 144
</div>

[No. 596. Decided July 9, 1892.]

THE STATE OF WASHINGTON, *on the Relation of George L. Hill, v.* I. J. LICHTENBERG, *Judge of the Superior Court of King County.*

MANDAMUS—REFUSAL OF JUDGE TO TRY CAUSE.

Under the rules of the superior court of King county allotting the equity cases to one judge, the civil cases to another and the criminal cases to a third, it is the duty of the judge having charge of the equity business, when a suit for partition is brought before him to hear and decide the same, calling in, if necessary, a jury to try any issue as to title; and an order transferring the cause to the civil jury department of the court for the purpose of having a jury trial of the facts, is unauthorized.

*Original Application for Mandamus.*

*Solon T. Williams,* for relator.

*Preston, Albertson & Donworth,* and *Junius Rochester,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The relator brought an action before the respondent as one of the judges of the superior court of King county, against A. B. Young and Hulda A. Young, for the partition of certain real estate. The cause proceeded to a hearing before the respondent who made certain findings of fact, and as a conclusion of law he found that the issues of fact as to the rights of the plaintiff in said lands, before

a partition could be had, should be determined by a jury trial, which the defendants had previously demanded.

There are three superior judges in King county, and by force of certain rules adopted by them, the business of said court is partitioned to them, respectively, according to a certain classification, the criminal business being assigned to one of them, the civil jury business to another, and the equity department of said court was presided over by the respondent, to whom was assigned such business. Upon the findings and conclusions of law as aforesaid, respondent made an order transferring said cause to the civil jury department of said court for the purpose of having a jury trial of the facts, and the cause was transferred accordingly, and certain issues were framed and tried before a jury who rendered a verdict thereon. Whereupon the judge who presided over said department certified said proceeding to the equity department for final disposition. The respondent refused to proceed with said cause, claiming that it having been transferred to the civil jury department to have the facts determined by a jury, it was pending before the judge who presided over said department, and that it was his duty to dispose of the same.

It is contended by the relator that said cause was not fully transferred from the equity to the civil jury department of said court, but that there was only a partial transfer thereof for the purpose of having certain issues of fact tried by jury. From the view we take of the cause it is unnecessary for us to determine whether the original transfer was a partial or a complete one. The action was triable in equity and was properly before the judge presiding over the equity department of said court, and the relator had a right to have the cause fully tried and determined in that department of the court. If the judge presiding over the equity department deemed it advisable to submit certain questions of fact to a jury he should have called one for

that purpose, and not have transferred the cause to another judge in order that such questions might be so submitted. The right of a judge to refer questions of fact in an equity cause to a jury is well established, and exists in this state. In the case of *Garsed v. Beall,* 92 U. S. 695, it is said:

" Equity courts may decide both fact and law, but they may, if they see fit, refer doubtful questions of fact to a jury. Findings of the kind, however, are not conclusive, and, if not satisfactory, they may be set aside or overruled; but if the finding is satisfactory to the chancellor, the practice is to regard it as the proper foundation for a decree." Citing *Harding v. Handy,* 11 Wheat. 103. " Such findings are regarded as influential in an appellate court, but they are not conclusive."

And see *Watt v. Starke,* 101 U. S. 247.

The defendants disputed the plaintiff's title in said action, and demanded a trial by jury as a matter of right to determine that issue. Sec. 583, Code Proc., provides that where in an action for partition, the title is put in issue, the same may be tried in such suit, and the calling of a jury to try it is within the discretion of the court, as in other equity causes.

Upon the trial of an issue of fact in an equitable action before a jury, the evidence introduced should be preserved in order that the same might be sent up on appeal the same as the other evidence in the case, to the end that the appellate court may determine as to whether there are good grounds for setting the verdict aside.

The rules of said court in partitioning the business between the respective judges thereof should be upheld as far as possible in order to facilitate the orderly and convenient discharge of the business, and we have no doubt of the court's authority to classify and partition it as was done. However, there can be no question, notwithstanding this, but that each judge has all the power that any other judge of said court has, to try any cause within the jurisdiction

of said court, regardless of said apportionment. But as a
matter of convenience, as stated, the arrangement made
with regard to the disposition of business should be recog-
nized as far as acquiesced in by the court itself. In case
any one of said judges should be disqualified to try any
particular case properly triable in his department, the same
could be tried before any other judge of said court. In
this case there is no claim that the judge who presided over
the equity department was disqualified to try the issues in-
volved in the cause in question, and his refusal to proceed
therewith is placed solely on the ground that he had lost
jurisdiction by reason of his having transferred the same
to the judge who presided over the civil jury department.
However this may be, his order transferring said cause
could have no more force or effect than that of the order
of the judge who presided over the said jury department
in re-transferring the same to the respondent. It seems the
relator in this case made application to each of said judges
to proceed with said cause to a final determination, and both
of them declined to do so upon the ground that they had
no jurisdiction. The one claimed the cause was pending
in the equity department, and the other that it was pending
in the civil jury department of said court. Furthermore,
it is equally clear that the respective judges of these de-
partments would have no right or authority to keep send-
ing this case from one to the other; an end must come to
this sort of proceeding sometime. Consequently, we hold
that the action was properly brought before the respond-
ent who presided over the equity department of said court,
and that the plaintiff in said action, the relator here, had
the right to have said cause proceed to a final determination
in said department; that the order of the said judge trans-
ferring the cause was unauthorized; that although the plain-
tiff appeared and participated in the trial in said case before
the judge to whom the same had been transferred, the order

was a compulsory one, and we do not hold him to have been estopped by such appearance, especially as the question of estoppel has not been raised or urged by the respondent, and we direct the respondent to proceed to judgment and final determination of said cause in his department.

As to how far the verdict of the jury is to be regarded, we do not say. Unless the respondent is advised of the evidence introduced before the jury, he could not well be in a position to say whether the verdict should be followed or not. It may be that the evidence submitted to him in the first instance, upon which he made certain findings of fact, was the same, or substantially the same, as that introduced before the jury, and if so, he may be in a position to determine as to whether such evidence will justify him in interfering with the verdict; and, as to this, we do not decide. He has the right to refer the matter again to a jury if he is not in a position to say whether or not he can determine as to the justice or sufficiency of the verdict.

Incidentally it appears that said judge required plaintiff to pay the costs of the action before said cause was transferred to the civil jury department. This was wrong also; the costs should follow the result of the suit, and if the plaintiff is successful in the final result, he should recover said costs. The relator is awarded the costs of this proceeding to be recovered of the defendants, A. B. Young and Hulda A. Young.

Let the peremptory writ issue.

ANDERS, C. J., and STILES, HOYT, and DUNBAR, JJ., concur.