[No. 518.   Decided October 11, 1892.]

DEARBORN FOUNDRY COMPANY, *Respondent*, v. H. W. AU-
GUSTINE, HENRY M. HOYT, WALKER L. BEAN, KATIE
H. BEAN, DAVID T. HAM AND EMMA D. HAM, *Appel-
lants*.

EQUITABLE CAUSES—TRIAL OF ISSUES BY JURY—FOREIGN CORPO-
RATIONS—VALIDITY OF CONTRACTS—PLEADING—DEPARTURE—
HARMLESS ERROR.

The refusal of a court to direct a jury trial of issues of fact in
an equity cause is not ground for reversal, although the court, while
admitting that the case is a proper one to submit to a jury, erroneously assumes that it has no power to call a jury in an equity cause.

The failure of a foreign corporation to file a certified copy of its
charter in the office of the secretary of state and appoint an agent
to reside at the principal place of business of the corporation in the
state, as required by Gen. Stat., §§ 15, 24, 31, does not render void
the contracts of such corporation made in this state.

Although the complaint and reply in an action are inconsistent,
and one negatives the other, yet where the issues involved have
been fully tried, and no harm or surprise resulted to defendants in
consequence of the pleadings, such error is harmless.

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry*, for appellants:

The court had a right to submit the issues arising out of
the counter claim to a jury. *Garsed v. Beall*, 92 U. S. 684;
*Watt v. Starke*, 101 U. S. 247.   The court, having a discretion to submit the issues of fact to a jury, and having
declined to exercise that discretion because of a supposed
want of power, committed reversible error. *Tilton v.
Beecher*, 59 N. Y. 176.

The complaint shows the plaintiff to have been a foreign
corporation at the time the contract was made and the goods
furnished defendants.   The contract was made here and
was to be performed here.   It did not show a compliance
with the laws of the state necessary to entitle plaintiff to

contract or carry on business here. The motion for judgment should have prevailed. *Bank of Augusta v. Earle*, 13 Pet. 519; *Oscanyon v. Arms Co.*, 103 U. S. 261; *In re Comstock*, 3 Sawy. 218; *Semple v. Bank of British Columbia*, 5 Sawy. 88; *Oregon, etc., Investment Co. v. Rathbun*, 5 Sawy. 32; *Mutual Benefit Life Ins. Co. v. Bales*, 92 Pa. St. 354; *Thorne v. Traveler's Ins. Co.*, 80 Pa. St. 15; *Cincinnati, etc., Ass. Co. v. Rosenthal*, 55 Ill. 85; *Lycoming Fire Ins. Co. v. Wright*, 55 Vt. 526; *Munsell v. Temple*, 3 Gil. 93; *Bensley v. Bignold*, 5 Barn. & Ald. 335; *Law v. Hodin*, 2 Camp. 147; *Langtin v. Hughes*, 2 Maul. & Selw. 593; *Wheeler v. Russell*, 17 Mass. 258; *Mitchell v. Smith*, 1 Bin. 118; *Seidenbender v. Charles*, 4 Serg. & R. 151; *Swain v. Scott*, 11 Serg. & R. 155; *Columbia Bridge Co. v. Haldeman*, 7 Watts & S. 233; *Thomas v. Brady*, 10 Pa. St. 164; *Scott v. Duffy*, 14 Pa. St. 18; *Holt v. Green*, 23 P. F. Smith, 198.

The motion for judgment should have been granted because the plaintiff by its reply pleaded that the contract under which it was proceeding in its complaint was void under the statute of frauds, and that the goods which in its complaint it had alleged delivery of had never been delivered. The reply and the complaint were more than inconsistent. The one absolutely negatived the other. *White v. Joy*, 11 How. Pr. 36; *Stearns v. Patterson*, 14 Johns. 132; *McAroy v. Wright*, 25 Ind. 22; Boone, Code Pl. (2d ed.), § 396, and authorities cited.

*F. T. Post*, for respondent:

The court below reached the conclusion from the evidence that the contract was as alleged by plaintiff. The verdict of a jury would have only been advisory, and could have been wholly disregarded. The judge must make his own findings in accordance with his own conscience. The error, if any was committed, can therefore in no manner

injure the defendants. *Randall v. Randall*, 21 N. E. Rep. 1020; *Acker v. Leland*, 15 N. E. Rep. 743; *Lansing v. Russell*, 2 N. Y. 563.

In the absence of a statute on the subject, a corporation organized in one state can transact business and sue in another state.     Our statute neither says nor implies that the contracts made by such corporation are invalid unless said corporation shall have first filed with the secretary of state a copy of its charter, etc., but on the contrary provides that the person making a contract for such corporation shall be guilty of a misdemeanor.     Where one penalty is provided for, no other will be implied.     The failure of a corporation to comply with the statute can be raised by the state alone.     2 Morawetz, Priv. Corp. (2d ed.), § 665; *American Loan, etc., Co. v. Railroad Co.*, 37 Fed. Rep. 242; *Hickory Farm Oil Co. v. Buffalo, etc., R. R. Co.*, 32 Fed. Rep. 22; *Fritts v. Palmer*, 132 U. S. 282; *Smith v. Sheeley*, 12 Wall. 361; *Gold Mining Co. v. National Bank*, 6 Otto, 640; *National Bank v. Matthews*, 8 Otto, 624; *Shewood v. Alvis*, 83 Ala. 115; *Columbus Ins. Co. v. Walsh*, 18 Mo. 229; *Clark v. Middleton*, 19 Mo. 53; *Northwestern Life Ins. Co. v. Overbolt*, 4 Dill. 288; *Union Mutual Life Ins. Co. v. McMillen*, 24 Ohio St. 67.

The opinion of the court was delivered by

Scott, J.—The plaintiff was a foreign corporation, and sold to the appellants certain material which was used in the construction of a building at the city of Spokane, in this state.     Said material was shipped by the respondent at Chicago to be delivered to the appellants at Spokane aforesaid.     Respondent subsequently filed a notice of a lien on the premises whereon said building was situate, and this action was brought to foreclose the same.     Judgment was had for the plaintiff, and the defendants appealed.

A trial by jury was demanded by the defendants, but

the court, while stating that it was a proper case to submit
to a jury, refused to allow them one, on the ground that
there was no power vested in the court to call a jury in an
equity cause.    We have lately held in the case of the
*State, ex rel. Hill, v. Lichtenberg*, 4 Wash. 553 (30 Pac.
Rep. 659), that the court has authority to direct a jury
trial of issues of fact in such causes.    It is contended by
the appellants that because the court refused to exercise
its discretion in the premises on the erroneous ground of a
want of authority, and as it appears that a jury trial would
have been granted had the court deemed itself authorized
to grant one, that the cause should be sent back for a
retrial.    It does not seem to us that the position is well
taken.    The verdict of a jury in such a cause is advisory
only.    A trial was had before the court upon the evidence.
The evidence is all brought here, and we retry the case
upon the facts as well as the law.    While a jury might
have found otherwise as to the facts, and while the court,
owing to the conflicting character of the evidence and the
amount of testimony introduced upon both sides, might
not have set aside such a verdict, although the court would
have found differently as to the facts originally, yet under
all of the circumstances this would not justify a setting
aside of the judgment rendered, simply to give the defend-
ants an opportunity to try the cause before a jury, and
have the benefit of the chance of obtaining a different find-
ing thereby.    If we thought the facts were otherwise than
as found by the lower court, it would be our duty to refind
as to them according to the true nature of the evidence as
it should appear to us.

It is contended by the appellants that the contract in this
case is *ultra vires*, it having been made in this state, and
the plaintiff not having complied with the laws of the state
relating to foreign corporations doing business herein.    A
number of cases decided in other states based upon various

statutory provisions essentially differing from our own are cited upon this proposition by appellants. In some of them a compliance with the statutes was made a condition precedent to the right to do business within the state, and all contracts made by any foreign corporation within such state were declared by the statute to be void if the laws had not been complied with. In some instances no punishment was provided for a failure to comply with the statutes, and if the contracts were recognized as valid there would have been no way of enforcing the law.

Our statutes recognize the right of foreign corporations to do business here, and while it is stated that they are so authorized by a compliance with the conditions prescribed in the statutes relating to the filing of a certified copy of the charter and the appointment of an agent, it is nowhere declared that contracts entered into by such corporations in case the statutes have not been complied with are void, and it is provided that any agent of any foreign corporation conducting or carrying on business within the limits of this state for and in the name of such corporation contrary to any of the provisions of the statutes shall be deemed guilty of a misdemeanor, and shall upon conviction be punished therefor by a fine or imprisonment, or both. See Gen. Stat., §§ 1524–31. The purpose of these statutes requiring foreign corporations to file certified copies of their charters, and constitute and appoint an agent who shall reside in the state at the principal place of business of the corporation, is to protect parties dealing with them from being imposed upon, and to provide means of obtaining service upon them in the courts of the state. And they were not enacted for the purpose of rendering the contracts of such corporations which have not complied with the statutes void, and this result should not follow unless the legislature has expressly declared that such contracts shall be unlawful. It has also been held in some

instances that where the statutes impose a penalty for failure to comply with the statutory requirements that the penalty so provided is exclusive of any other.     See Morawetz on Private Corporations, § 665.

An objection is made here to the notice of lien in that it mentions the defendants owning the premises sought to be charged as ''the owners or reputed owners'' thereof. This point was not raised in the lower court, and consequently is not available here.     Nor is it a material matter under the circumstances of this case, the action being between the original parties to the contract, the only parties interested, and no one was or could have been misled thereby.

A further objection is made upon the argument here that a foreign corporation, or non-resident, is not entitled to the benefit of the lien laws of this state.     It is contended by appellants that this point was raised in the motion for a judgment in the lower court on the ground that the complaint failed to state a cause of action, and because it showed plaintiff incompetent to file a mechanic's lien or enforce the same in the courts of this state.     The only argument based upon this in appellant's brief, however, is that the plaintiff, being a foreign corporation and not having complied with the laws of the state regarding the appointment of an agent, etc., at the time of entering into the contract, that the contract was void; and the particular objection argued at the hearing that the plaintiff, by reason of being a non-resident, is not entitled to the benefit of the lien laws is not stated in the brief, nor does it appear to have been presented at the trial below.

A further point is urged that the motion for judgment should have been granted because the plaintiff in its reply had pleaded itself out of court in alleging that the contract between the parties as set up in the answer of the 'defendants was void under the statute of frauds.     The claim is

that the reply and complaint were inconsistent, and that the one negatived the other. As to this it is only necessary to say that the issues involved in the case were fully tried, and no harm or surprise resulted to the defendants in consequence of the pleadings.

It is further contended by the appellants that they should have recovered upon the evidence, and they claim this court should find the facts otherwise than as found by the lower court. After an examination of the proofs we are not satisfied that the finding of said court as to the facts should be changed, and the judgment is affirmed.

ANDERS, C. J., and HOYT and STILES, JJ., concur.

DUNBAR, J., dissents.