[Nos. 1325 and 1326. Decided July 9, 1894.]

BENJAMIN JAMES TUCKER, *Appellant*, v. S. H. BROWN *et al.*, *Respondents*.

BENJAMIN JAMES TUCKER, *Appellant*, v. E. B. MASTICK, JR., *Respondent*.

ACTION BY HEIR — NECESSITY FOR PRIOR ADMINISTRATION.

Where the complaint in an action by an heir sets up facts showing that there is no necessity for an administration of his ancestor's estate, the complaint will not be held insufficient on the ground that plaintiff is suing as heir, when there has been no distribution of the estate of his ancestor. (*Balch v. Smith*, 4 Wash. 497, and *Hill v. Young*, 7 Wash. 33, distinguished.)

*Appeal from Superior Court, Jefferson County.*

*Arthur, Lindsay & King,* and *H. H. Eaton,* for appellant.

The opinion of the court was delivered by

HOYT, J. — The judgments from which these appeals were taken were rendered upon the sustaining of demurrers to the complaints.    In the brief of the appellant it is stated that the ground upon which the complaints were held insufficient was that it appeared therefrom that the plaintiff was suing as heir when there had been no administration or distribution of the estate of his ancestor.    The respondents have made no appearance in this court, and we shall assume that the only fault found with the complaints by the lower court was as above stated.

It is alleged in the complaints that the ancestor under whom the plaintiff claimed had never been a resident of the United States, had never done any business therein, that all the debts owing by him at the date of his death had been fully paid, and that there was no necessity for administration.    These statements were relied upon to take the cases out of the rule announced by this court in *Balch v. Smith,* 4 Wash. 497 (30 Pac. 648), and *Hill v. Young,* 7 Wash. 33 (34 Pac. 144), or, rather, to bring the plaintiff within the exceptions suggested in the opinions in those cases.    The facts alleged show that no administration of the estate of the ancestor was pending, and that there was no possibility of any administration thereof being required in this state.    Under these circumstances we can see no reason why the heir should not be allowed to maintain his action as such.    To so hold in no manner contravenes what was said in the cases above cited.    On the contrary those cases, when fairly interpreted, tend strongly to show that a complaint setting out such facts would state a cause of action.

The judgments will be reversed, and the causes remanded with instructions to overrule the demurrers.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

SCOTT, J., concurs in the result.