[No. 1595. Decided April 16, 1895.]

WILLIAM H. CHAPMAN, *Appellant*, v. HENRY H. ALLEN *et al.*, *Respondents*.

PARTITION — WHO MAY MAINTAIN — PLEADING.

In an action for partition by an alleged tenant in common, who has been excluded from possession under an adverse claim of title, his complaint is insufficient when it alleges the legal title in defendants and fails to set forth any facts tending to show an equitable title in himself.

Where an action is for the sole purpose of procuring a partition, relief will not be granted on the mere ground that the plaintiff is entitled to a conveyance, but he must first establish his right to such conveyance.

*Appeal from Superior Court, Yakima County.*

*Reavis & Milroy*, for appellant.

*H. J. Snively and Fred Miller*, for respondents:

The complaint in an action for partition should set forth the estate that is to be partitioned, and, if it is shown from the facts set forth that there is no estate to partition, the cause should be dismissed. Before a

suit in equity can be maintained, there must first be
an action at law to determine the legal title to the
property. *Brownell v. Brownell,* 19 Wend. 367; *Striker
v. Mott,* 2 Paige, 387 (22 Am. Dec. 646); *Harman v.
Kelley,* 14 Ohio, 502 (45 Am. Dec. 552); *Hassam v. Day,*
77 Am. Dec. 684; *Rutherford v. Jones,* 60 Am. Dec.
655; *Hovey v. Goings,* 54 Am. Dec. 427; *Manners v.
Manners,* 35 Am. Dec. 512; *Hoffman v. Beard,* 22
Mich. 66.

The opinion of the court was delivered by

ANDERS, J.—This is an action for partition of real
estate. The superior court sustained a demurrer to
the complaint, and the only question presented by this
appeal is whether the complaint states a cause of action.
It alleges that the plaintiff and defendant, Henry H.
Allen, in March, 1890, jointly purchased certain prem-
ises in Yakima county, described as lot numbered 19
in block numbered 12 in the city of North Yakima,
according to the recorded plat thereof, and immedi-
ately went into possession thereof and so remained in
joint possession until December 5, 1892, when said
defendant excluded plaintiff from said premises and
has since retained possession and appropriated to his
own use the rents, issues and profits thereof. That
about November 29, 1892, the said defendant Henry H.
Allen procured from the Northern Pacific Railroad
Company a warranty deed to said premises, conveying
to him the whole of said premises; that he now holds
the legal title to said premises, one undivided one-half
for himself and one undivided one-half in trust for
plaintiff, and that plaintiff and said defendant are the
joint owners in fee of equal portions of said premises;
that defendant Henry H. Allen has appropriated to his
own use of the rents, issues and profits of said prem-

ises more than $200, and has refused and still refuses to account to plaintiff for the same; that at the time said premises were purchased by plaintiff and defendant and until the — day of July, 1893, the said Henry H. Allen was a married man, and Barbara F. Allen was his wife, and that on the said — day of July, 1893, his said wife died, being then a resident of Yakima county, State of Washington, leaving her surviving children of herself and said defendant Henry H. Allen, and her heirs at law, the defendants Cora L. Allen, Dora D. Brooks and Guy Allen; and that said Guy Allen is a minor; that no administration of the estate of said Barbara F. Allen is now pending and no letters of administration or testamentary have been issued on said estate; that there are no liens or incumbrances on the said premises appearing of record, and no persons other than the plaintiff and said defendants are interested in said premises as owners or otherwise; that a partition of that property cannot be made by metes and bounds without material injury to the rights of plaintiff and defendants.  The prayer of the complaint is for a judgment for a sale of said premises and a division of the proceeds thereof between the said parties according to their rights, and for an accounting between said parties for the rents, issues and profits received from said premises by either of them, and for such other and further relief as to the court may seem meet and proper, and for general relief.

The defendants answered, denying each and every allegation contained in the complaint, but objected to its sufficiency at the trial.  The learned counsel for the plaintiff insist that there is but one question in the case, viz., whether an action for a partition of real estate can be maintained by a tenant in common against a co-tenant in possession, under a general de-

nial of right, without a prior action at law for the trial of title; and, further, that it was determined in the affirmative by this court in *Hill v. Young*, 7 Wash. 33 (34 Pac. 144). It is true that we held in that case that a tenant out of possession may maintain a suit for partition against a co-tenant in possession under an adverse claim of title; and we have no disposition to recede from that decision, for we think it is abundantly supported by adjudications of the highest courts in several states having statutes substantially like ours. See *Weston v. Stoddard*, 137 N. Y. 119 (33 N. E. 62, 33 Am. St. Rep. 697), and cases cited. And if there were no other question for our consideration than the right of a disseized co-tenant to maintain this kind of an action, we would have no hesitation in reversing the judgment.

But, conceding that the plaintiff may maintain the action, if he is a tenant in common with the defendants, although excluded from possession under an adverse claim of title, still the question is, has he stated a cause of action? Our statute provides (Code Proc., § 578), that "the interest of all persons in the property shall be set forth in the complaint specifically and particularly as far as known to the plaintiff;" and we are constrained to say that, in our judgment, the complaint in this instance is insufficient in this respect. As we have seen, the complaint alleges as a fact that the premises sought to be partitioned were conveyed to Henry H. Allen, and that he holds the legal title to the whole thereof, and if that be true the plaintiff has no title to the premises, and it cannot be true, as alleged, that he and defendant are now joint owners in fee of equal portions of said premises. The allegations that the legal title is in the plaintiff and that the plaintiff and said defendant are joint owners in fee are

contradictory and mutually destroy each other, and amount to nothing.

But it may be suggested that the averment that said defendant now holds the legal title to one undivided one-half of said premises in trust for plaintiff shows, at least, an equitable title in the plaintiff which the court ought to recognize and enforce. The allegation, however, that he holds the premises in trust for plaintiff is a statement of a mere conclusion, unwarranted by any facts set forth. It is true that it is alleged that plaintiff and said defendant Allen purchased the premises in March, 1890, and jointly occupied the same until December 5, 1892; but if the plaintiff were before the court for the sole purpose of having a trust declared in his favor, those allegations would not be sufficient to entitle him to such relief. He would have to go further and show that, although the legal title is in defendant, he himself furnished part of the consideration paid for the premises under an agreement that he was to have an interest therein.

It is a well settled rule that where one person procures a conveyance to himself of land for which another has paid, expecting it to be conveyed to him, a trust results in favor of the latter by implication of law, which a court of equity will enforce upon proof of such facts. But here the plaintiff does not allege payment of any part of the consideration, nor does he even ask the court to declare Henry H. Allen his trustee. He simply says Allen has the legal title and holds an undivided one-half of the premises in trust for him, presumably because, as he says, he and said defendant purchased and, for a time, jointly occupied the same. If the fact is that plaintiff and defendant Allen agreed to purchase this land together, but Allen afterwards caused the land to be conveyed to himself alone, and

plaintiff paid nothing and Allen paid the whole purchase price, then Allen is the absolute owner and plaintiff has no interest therein, either legal or equitable. If, on the other hand, the plaintiff actually paid a part of the consideration, he could, by proper pleadings, have asserted his equitable rights, even in a suit for partition, and obtained a decree compelling a conveyance according to his interest. But where the action, as in this case, is for the sole purpose of procuring a partition, the relief will not be granted on the mere ground that the plaintiff is entitled to a conveyance. He must first ask and obtain a decree establishing his right to a conveyance. Freeman, Cotenancy and Partition, (2d ed.) § 513.

For the reasons above indicated the judgment must be affirmed, and it is so ordered.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.

DUNBAR, J., dissents.