[No. 2066. Decided February 29, 1896.]

DENIS  WORTMAN, *Respondent*, v. NATHAN  VORHIES
*et al., Appellants.*

INTEREST — ENFORCEABLE  CONTRACT — COMMUNITY  ESTATE — MORT-
GAGE BY SURVIVOR.

An agreement to pay interest upon a promissory note at the rate
of nine per cent. per annum until maturity, and one per cent. per
month thereafter, and also to pay interest upon coupon interest
notes attached to the principal note, at the rate of two per cent. per
month after maturity of such interest notes, is enforceable, when
the contract was entered into while § 2796, Gen. Stat., was in force,
which allowed any rate of interest, agreed upon by the parties and
specified in writing, to be valid and legal.

Where community realty has descended to a husband and sur-
viving children after the death of the wife, a mortgage by him pur-
porting to embrace the whole of such realty is binding and valid as
to his undivided half interest, when there are no community debts
nor any necessity for administration.

The interest of a surviving husband in community realty claimed
as a homestead during the life of the community, is not exempt
from the lien of a mortgage executed by him purporting to cover the
whole of the realty.

Appeal from Superior Court, Chehalis County.—
Hon. MASON IRWIN, Judge.    Affirmed.

*T. D. Scofield,* for appellants.

*Wickersham, Reid & Meade* (*Ben Sheeks,* of counsel),
for respondents.

The opinion of the court was delivered by

GORDON, J.— This was an action to foreclose a mort-
gage given by Nathan Vorhies, upon real estate ac-
quired by the community composed of himself and
Eless Vorhies, his wife.   The mortgage was given in
May, 1887.   Eless Vorhies died intestate in Septem-
ber, 1882, leaving as surviving heirs her husband, the

said Nathan Vorhies, and John D., Mary E., Phebe E., Aaron H., and David L. Vorhies, children.

This appeal is from a decree of foreclosure. The first contention of appellants is that the court erred in allowing interest upon the principal sum secured by said mortgage at the rate of one per cent. per month, after the date of maturity, and also allowing interest at the rate of two per cent. per month from the date of maturity, of an interest coupon note for the sum of $180, instead of simply allowing interest on the whole sum at the rate of nine per cent. per annum.

The principal note of $2,000 contained a provision for interest at the rate of nine per cent. per annum, and the interest thus reserved was represented by coupon notes attached thereto, each of which coupon notes contained this provision: "This note bears interest at two (2) per cent. per month after maturity." Said principal note contained this stipulation: "This note shall bear interest at the rate of one per cent. per month after maturity."

We think the court did not err in allowing interest in accordance with the express provisions of these notes. At the time of the making of the contract, and for many years prior thereto, as well as at the time of rendering the decree, § 2796, Gen. Stat., was in force, viz., "Any rate of interest agreed upon by parties to a contract, specifying the same in writing, shall be valid and legal," and the authorities cited by counsel for appellants are, in view of this statutory provision, wholly inapplicable.

(2). The next question is as to the power of the surviving husband to execute a mortgage upon real estate which was acquired by the community. The court expressly found "that at the time of the death

of the said Eless Vorhies there were no debts against said community property, nor were there any individual debts existing against the said Nathan Vorhies or Eless Vorhies;" and the finding was made at the request of these appellants.

Sec. 1481, Gen. Stat., provides that:

"Upon the death of either husband or wife, one-half of the community property shall go to the survivor, subject to the community debts, and the other half shall be subject to the testamentary disposition of the deceased husband or wife, subject also to the community debts. In case no testamentary disposition shall have been made by the deceased husband or wife of his or her half of the community property, it shall descend equally to the legitimate issue of his, her, or their bodies."

In this case there being no community debts nor necessity for administration, one-half of the community real estate became vested in the surviving husband; *Tucker v. Brown,* 9 Wash. 357 (37 Pac. 456); *Hill v. Young,* 7 Wash. 33 (34 Pac. 144). His mortgage, purporting to embrace the whole, was valid as to the undivided one-half interest which he possessed, and the decree of foreclosure was restricted to that interest.

(3). It follows from what has been said upon the last question, that the court did not err in neglecting to set aside a homestead. Nor can the appellants be heard to urge that the rights of their co-defendant Kame (who held a junior mortgage upon a portion of the premises), were not adjusted by the decree. It is sufficient to say that he has not appealed.

The decree will be affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.