[No. 10558. Department One. December 28, 1912.]

## H. G. CROWLEY, *Appellant,* v. L. R. BYRNE *et al.,* *Respondents.*[1]

QUIETING TITLE—DEFENSES—RELIEF—STATUTORY ACTION.    Under Rem. & Bal. Code, § 785, providing that a person having an interest in real estate and the right to possession may recover the same and may have judgment quieting title, a defendant cannot defend upon the ground that a quitclaim deed constituting an alleged cloud is invalid and in fact not a cloud because not recorded, where he claims title under such deed.

VENDOR AND PURCHASER—OPTIONS—PERFORMANCE—WHEN TITLE PASSES—RELATION. Where an option to purchase land has been exercised by payment of the price, the title relates back to the date of the option, as against parties having notice thereof.

PARTITION—ACTIONS—JOINDER—QUIETING TITLE—RELIEF.    Rights of action to quiet title and for a partition may be united in one action, under Rem. & Bal. Code, § 844, providing that in partition, the rights of the several parties may be determined.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered February 5, 1912, dismissing an

[1]Reported in 129 Pac. 113.

action to quiet title and for partition, upon sustaining a demurrer to the complaint. Reversed.

*Edwin H. Flick* and *Allan H. Trumbull* (*C. E. Hughes*, of counsel), for appellant.

*L. R. Byrne* (*A. J. Falknor*, of counsel), for respondents.

PARKER, J.—This is, in substance, an action to quiet title in plaintiff to an undivided one-half interest in a tract of unoccupied land in Jefferson county, and to obtain partition of the land between the plaintiff and the defendants; though counsel for the defendants seem to proceed upon the theory that it is strictly an action to remove a cloud from plaintiff's title to the land and to obtain partition thereof. The trial court sustained the defendants' demurrer to the plaintiff's third amended complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. Judgment of dismissal was thereupon rendered against him, from which he has appealed.

The controlling facts shown by the allegations of the complaint may be summarized as follows: On March 13, 1909, Sarah J. Waits was the owner of the land here involved. On that date she entered into an option contract, in writing, with appellant for the sale of an undivided one-half interest in the land to him, in consideration of the sum of one dollar, whereby she agreed to sell and convey to him an undivided one-half interest in the land at any time within two years thereafter, for the sum of $1,250. Thereafter, on January 3, 1910, the contract was filed for record in the office of the auditor of Jefferson county. Thereafter, on January 5, 1910, appellant paid to Sarah J. Waits the full amount of the purchase price for the land, as agreed upon in the contract, but did not then receive a deed of conveyance from her. Thereafter, on the same day, Sarah J. Waits executed and delivered to respondent L. R. Byrne, a quitclaim deed purporting to convey to him the entire tract of land. Respondents claim the whole of

the land, evidently under this deed. Before Byrne received this quitclaim deed, and before he paid any part of the consideration thereof, he had actual knowledge of the existence of appellant's option contract to purchase an undivided one-half interest in the land, and also constructive knowledge thereof by reason of its prior recording, and also had then actual knowledge of the fact that appellant had paid to Sarah J. Waits the full amount of the purchase price of the land under his option contract. Thereafter, on March 1, 1911, before the expiration of the two years specified in the contract for the exercising of appellant's option, Sarah J. Waits executed and delivered to him, in pursuance of the option contract, a warranty deed for an undivided half interest in the land. The land is unoccupied. Other facts appearing by the allegations of the complaint, touching an alleged oral agreement made by respondent L. R. Byrne with Sarah J. Waits at the time of receiving the quitclaim deed from her, by which he was to hold an undivided interest in the land in trust for appellant and convey it to him, we need not notice. Some conditions other than those we have noticed were contained in the contract, but they are not material here. We will, for argument's sake, regard the contract as a pure option. This view of the contract is the most favorable to respondents' contentions.

Our conclusions render it more appropriate to notice the contentions made by counsel for respondents against the sufficiency of this complaint to state a cause of action than to notice the contentions of appellant to the contrary. Counsel for respondents, proceeding evidently upon the theory that this is strictly an action to remove a cloud only, consisting solely of the quitclaim deed given by Sarah J. Waits to respondent L. R. Byrne, contend that, since there is no allegation of the recording of that deed, it is not such a cloud upon appellant's title as a court of equity will concern itself with removing.

The decisions of the courts have heretofore given countenance to the view that there is a substantial distinction between an action to quiet title as against an asserted claim of title by another, and an action to remove a cloud consisting of some specific instrument; and that, in the latter case, a defendant may successfully defend upon the ground that the instrument constituting the alleged cloud is in fact not a cloud.   This doctrine seems to be recognized in *Lemon v. Waterman*, 2 Wash. Ter. 485, 7 Pac. 899, and *Watson v. Glover*, 21 Wash. 677, 59 Pac. 516, though it seems to have been unnecessary to the decision of either of those cases. There is, however, room for arguing that this doctrine is materially weakened, if indeed not rendered obsolete in this state, by our decisions and statutes relating to actions for the trial of title to land.   However this may be, it is manifest here that this is not solely an action to remove a cloud created by the quitclaim deed of Sarah J. Waits to respondent upon appellant's title, but it is an action to quiet the title of appellant as against the *claim of title* made by respondents under that deed, as well as for partition.   It seems clear to us that respondents cannot be heard to say that this quitclaim deed is not a cloud upon appellant's title and at the same time claim title thereunder, as the allegations of this complaint show.   It has been held, both by the territorial court and by this court, that a decree quieting title may be had notwithstanding the absolute invalidity of the claim or estate moved against.   *Lemon v. Waterman,* and *Watson v. Glover, supra; McGuinness v. Hargiss,* 56 Wash. 162, 105 Pac. 233.

It is true that the holdings in those cases had particular reference to actions prosecuted under Rem. & Bal. Code, § 809, and it is insisted by counsel for respondents that the allegations of this complaint are not sufficient to constitute a cause of action under that section.   However, the facts pleaded are sufficient to constitute a cause of action under Rem. & Bal. Code, § 785, which provides:

"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title."

And we think the doctrine announced in the cases cited is of equal force and applicability to actions under this section. *Dolan v. Jones*, 37 Wash. 176, 79 Pac. 640, is in harmony with this view. Indeed, whatever the rule may have formerly been in an action to remove a cloud, strictly speaking, we think under our present law that the defendant in an action to try title to land, whatever its nature, seldom, if ever, will be permitted to urge in defense of such action that the cloud which the plaintiff is seeking to remove or the claim which he is seeking to quiet his title against, is not a cloud or is not a valid claim. If this be a defendant's attitude, he can have no possible interest in the action except to avoid the taxation of costs therein against him, and this can readily be avoided by a disclaimer on his part. What right a defendant has under such circumstances to say that the plaintiff may not have a decree removing a cloud which he conceives to be such, or a decree quieting his title as against a claim which he conceives may even in the slightest degree impair the full enjoyment of his title, is indeed difficult to conceive.

Some contention seems to be made by counsel for respondents upon the theory that, at the time of the execution of the quitclaim deed by Sarah J. Waits to respondent L. R. Byrne, appellant did not have title to the land, but only an option to purchase; and that an option to purchase does not create any interest in the land. It is true appellant did not then have a deed, but he had an unexpired option to purchase, upon which he had paid the entire purchase price, which thereby in law became a fully executed contract of purchase

upon his part, vesting in him the equitable title to the land as against Sarah J. Waits and respondents, her grantees, who had full notice of appellant's rights. But even if appellant had not at that time paid the purchase price and thereby elected to exercise his option, such option did not expire until March 13, 1911, more than one year thereafter, and within which time he received from Sarah J. Waits a warranty deed, in compliance with the option contract, which of course was an election to exercise the option upon his part within its life, and an acknowledgment on her part that she had received the full purchase price within its life.

In *Smith v. Bangham*, 156 Cal. 359, 104 Pac. 689, 28 L. R. A. (N. S.) 522, it is said:

"It has been said that an option to purchase land does not before acceptance vest in the holder of the option an interest in the land. *Richardson v. Hardwick*, 106 U. S. 252, 1 Sup. Ct. 213; *Gustin v. Union School District*, 94 Mich. 502, 34 Am. St. Rep. 361, 54 N. W. 156; *Phoenix Ins. Co. v. Kerr*, 129 Fed. 723, 64 C. C. A. 251. On the other hand, there are cases holding that the grant, on a valuable consideration, of an option to purchase, constitutes the grantee the equitable owner of an interest in the property. *House v. Jackson*, 24 Or. 89, 32 Pac. 1027; *Kerr v. Day*, 14 Pa. St. 112, 53 Am. Dec. 526; *Telford v. Frost*, 76 Wis. 172, 44 N. W. 825; *Wall v. Minneapolis etc. Ry. Co.*, 86 Wis. 48, 56 N. W. 367. At any rate the option vests in the grantee the right or privilege of acquiring an interest in the land, and, when accepted, entitles him to call for specific performance. *Hawralty v. Warren*, 18 N. J. Eq. 124, 90 Am. Dec. 613; *Kerr v. Day*, 14 Pa. St. 112, 53 Am. Dec. 526; *People Street Ry. Co. v. Spencer*, 156 Pa. St. 85, 36 Am. St. Rep. 22, 27 Atl. 113; *Guyer v. Warren*, 175 Ill. 328, 51 N. E. 580. Such right, when exercised, must necessarily relate back to the time of giving the option (*People St. Ry. Co. v. Spencer*, 156 Pa. St. 85, 36 Am. St. Rep. 22, 27 Atl. 113), so as to cut off intervening rights acquired with knowledge of the existence of the option. A subsequent purchaser with notice of a valid and irrevocable option would certainly take sub-

ject to the right of the option holder to complete his purchase."

We are of the opinion that as between the parties the option contract gave appellant an interest in the land such as respondents were bound by, having notice thereof, even though, at the time they acquired the quitclaim deed from Sarah J. Waits, appellant had not exercised his option or paid any part of the purchase price; and that upon receiving the deed from Sarah J. Waits within the life of the option, thus evidencing the exercise of the option on the part of appellant and the receipt of the purchase price on the part of Sarah J. Waits, the title acquired by appellant related back to the date of his acquiring the option.

Some contention is made by counsel for respondent that an action for partition cannot be maintained where the title of the plaintiff is questioned; in other words, that appellant cannot quiet his title and have partition in the same action. This question has been decided adversely to counsel's contention in *Hill v. Young*, 7 Wash. 33, 34 Pac. 144, and *Kromer v. Friday*, 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671. Indeed our statute relating to partition seems to expressly so provide in Rem. & Bal. Code, § 844, as follows:

"The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried and determined in such suit."

Our attention is called to the case of *Chapman v. Allen*, 11 Wash. 627, 40 Pac. 219, as opposed to this view, but a careful reading of that decision will show that the plaintiff failed because he did not state facts showing that he had any interest in the land.

The specific prayer of appellant's complaint might seem to be somewhat more appropriate to an action for specific performance, since it asks that respondents be required to execute him a quitclaim deed for an undivided half interest in the land. This is followed, however, by a general prayer

for "such further and different relief as the court may deem meet in the premises." We are of the opinion that, if the allegations of appellant's complaint, which we have briefly summarized, are true, he is entitled to a decree quieting his title to an undivided half interest in the land as against the claims of respondents, and also to partition of the land.

The judgment of the trial court is reversed, with directions to proceed in accordance with the views here expressed.

MOUNT, C. J., CROW, GOSE, and CHADWICK, JJ., concur.