[No. 13849. Department Two. April 20, 1917.]

EMMA WOMACH et al., Respondents, v. AMANDA SANDYGREN et al., Appellants, HOLLAND BANK et al., Interveners.[1]

TRUSTS—RESULTING TRUSTS—PAROL EVIDENCE. The fact that the purchase price of property was paid by an ancestor and the title taken in the name of one of her children, establishes a resulting trust and may be shown by parol.

PARTITION—ISSUES—TRIAL OF TITLE. Under Rem. Code, § 844, the court has power and is required, in an action for partition, to try and determine the title to the property in issue.

TRUSTS — RESULTING TRUSTS — EVIDENCE — SUFFICIENCY. In an action between heirs for a partition, a finding that lands, the title to which stood in various heirs, belonged to the estate under a resulting trust is sustained, although the oral evidence was conflicting and uncertain, where the claims of the heirs were inconsistent with writings and agreements made by them in the administration proceedings, indicating that their claim to the property was an afterthought.

[1]Reported in 164 Pac. 600.

PARTITION—BETWEEN HEIRS—LIEN OF MORTGAGE. Where an heir, holding lands under a resulting trust in favor of the ancestor, mortgaged the same for his own benefit, his interest in the estate is chargeable with the amount of the mortgage, and a purchaser from him takes subject thereto.

APPEAL — DECISION — ADMITTED ERROR. An unauthorized correction of an admitted error after appeal taken, does not prevent the supreme court from affirming the judgment as modified.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered June 28, 1916, in favor of the plaintiffs, in an action for partition, tried to the court. Affirmed.

*Martin & Jesseph*, for appellants.

*G. E. Lovell*, for respondents.

*John I. Melville*, for interveners.

FULLERTON, J.—This is an action by the respondents, Emma Womach and Anna Salt, against Amanda Sandygren, Bert Anderson, and Axel Anderson, for the partition of real property. From the decree directing a partition, the defendants appeal.

The appellants and the respondents are the children and heirs at law of Thilda Anderson. Mrs. Anderson died intestate on July 23, 1910. Her daughter, the appellant Amanda Sandygren, was appointed administratrix of her estate on September 14, 1910. The estate was closed on March 3, 1915, by a decree which settled the final account of the administratrix and which directed the distribution of the property of the estate among the heirs at law in equal proportions. There were some twenty-one separate tracts of real property set forth in the final account of the administratrix as belonging to the estate. The legal title to all of these, however, did not stand in the name of Mrs. Anderson at the time of her death. The tracts were acquired at different times, and upon the acquisition of a particular tract, it was conveyed to some one or another of her several children, the parties to this action; it appearing that each of the heirs

had been possessed at some time of the legal title to one or more of the tracts. In their complaint the respondents set forth three other tracts which they averred belonged to their common ancestor, which were not administered upon as a part of the estate. These tracts the trial court refused to partition, but dismissed the action as to them without prejudice, on the ground that it was without jurisdiction in this proceeding to determine the several rights of the parties to them. The other tracts the court directed to be partitioned among the heirs in accordance with the decree of distribution entered in the probate proceeding, that is, a one-fifth interest to each of the heirs, with the modification that Amanda Sandygren take the interests of Bert Anderson, she having purchased his interest in the property of the estate prior to the entry of the decree.

In this court the appellants question the decree as to some six of the tracts ordered partitioned. In their answer to the complaint, the appellants put in issue the respondents' allegation of ownership of the lands in question, averring in substance that they were each entitled to a one-tenth interest instead of a one-fifth in certain described tracts of the lands, and were without ownership or interest of any kind in certain other described tracts. The evidence of the parties was directed to these issues, and consisted on the part of the respondents of oral evidence tending to show the sources from which the money used in the purchase of the property was derived; of oral declarations of the persons in whose names the legal title stood, inconsistent with absolute ownership; certain writings executed by several parties indicating title in the common ancestor; and the fact that the administratrix administered upon the property as property of the estate of the common ancestor and included the property in her final account with the estate as property belonging thereto and subject to distribution to the heirs in equal proportions.

The appellants' first contention is that the oral evidence was inadmissible because tending to establish an express

trust, which, under the rule of this state, cannot be established other than by a writing. But this contention mistakes the effect of the evidence. The effect of the evidence was to establish a resulting trust—to establish the fact that the purchase price of the property was paid by the ancestor and the title thereto taken in the name of one of her children—which, under all authority, may be established by parol. Cases from other jurisdictions need not be cited to support the principle. Our own cases conclude the question. *Bowen v. Hughes*, 5 Wash. 442, 32 Pac. 98; *Denny v. Holden*, 55 Wash. 22, 103 Pac. 1109; *Croup v. DeMoss*, 78 Wash. 128, 138 Pac. 671; *O'Donnell v. McCool*, 89 Wash. 537, 154 Pac. 1090.

It is next contended that the principal issue here is one of title, and that title cannot be determined in an action brought for the partition of real property. This undoubtedly was the rule of the common law. Under that practice the rule was to stay the partition proceedings until the plaintiff obtained a judgment for possession at law, whenever the pleadings of the defendant disclosed an adverse claim. The practice has, however, been modified by our code, and now the court not only has power but is required to determine title in a partition proceeding whenever the issue is presented. Rem. Code, § 844; *Hill v. Young*, 7 Wash. 33, 34 Pac. 144; *Kromer v. Friday*, 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671; *Chapman v. Allen*, 11 Wash. 627, 40 Pac. 219; *Crowley v. Byrne*, 71 Wash. 444, 129 Pac. 113.

The principal contention is that the evidence does not justify the decree entered by the trial court. The evidence we shall not review in detail. An examination, however, convinces us that the trial judge did not err in his conclusion. While the oral evidence was conflicting and not in itself sufficient, perhaps, to comply with that rule of certainty required in the establishment of a resulting trust, there are writings in the record which to our minds do not leave the matter in doubt. There is, first, the mother's declaration made just

prior to her death, in which she expressed the desire that the property be equally divided among all of her children; second, a written agreement made while the estate was in process of administration, signed by each of the several heirs, by which they purported to convey the property to the administratrix with an agreement on her part that she should, at the close of the administration, retain a specifically described tract as her share of the estate and convey severally to the other parties to the agreement other specifically described tracts; and third, the final report of the administratrix in which she included all of the property as property of the estate and subject to distribution among the heirs of the estate as their interests might appear. The interests of the appellants in the property were as well known to them when these several instruments were executed as they were when this cause was on trial, and it would seem that, if the truth was that this portion of the property belonged to them severally and not to the estate, as they now claim, they would then have made the facts known. Their claims thus seem to be rather an afterthought, and we cannot think the preponderance of the evidence is with them.

In discussing the rights of the parties we have not adverted to the decree of distribution entered in the probate proceedings. This decree was somewhat indefinite in its recitals as to the property belonging to the estate, and the trial court, for that reason, did not regard it as controlling the question of title. For a like reason, we have not so considered it; but in so far as it is definite and certain, it tends, contrary to the contention of the appellants, to support the respondents' view of the ownership of the property rather than their own.

Bert Anderson, while in possession of the title to certain of the property, mortgaged it and applied the proceeds of the mortgage to his own use. Amanda Sandygren, as we have said, purchased the interest of Bert in the estate. It is contended that, since the court directed this property to

be distributed to all of the heirs, it should be charged with the lien of the mortgage, and that the court was in error in refusing so to do. But we think the judgment right. The amount of the mortgage was properly chargeable against the interests of the mortgagor, and as Mrs. Sandygren stands in his shoes with reference to the property, it is properly chargeable to her.

It is admitted that the court was in error in its decree of partition in so far as it affected lot 3 of block 14, in the city of Sprague. In fact, the court corrected the decree when the fact was called to its attention on the motion of the respondents. The correction was made after the notice of appeal from the decree had been served, and the appellants question the power of the court to act after that time. This fact, however, conceding the objection to be well taken, does not require any modification of the record in the court below. The judgment can be affirmed as modified.

Our conclusion is that the decree appealed from is without error, and that it should stand affirmed as modified. It is so ordered.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.