# CHARLES TOWN.

## EX PARTE WAIT W. RICHARDS.

Submitted September 2, 1903.    Decided September 5, 1903.

1. ADULTERY.
   Adultery or fornication is punishable only by fine, and no imprisonment can be imposed. (p. 556).

Appeal from Circuit Court, Tucker County.

Petition by Wait W. Richards. Judgment for plaintiff, and defendant appeals.

*Reversed and prisoner released.*

JAMES D. SMITH, for respondent.

CUNNINGHAM & STALLINGS and L. MANSFIELD,, for petitioner.

Brannon, Judge:

Wait W. Richards is before this Court under a writ of *habeas corpus* awarded by Judge Dent asking discharge from imprisonment in the jail of Tucker County under a judgment of the circiut court of that county rendered in June, 1903, imposing upon him both a fine of $50.00 and imprisonment in jail for four months under a conviction upon an indictment for adultery and fornication.

Richards, by his writ of *habeas corpus*, contests the legality of so much of said judgment as imposes imprisonment.

Adultery was not a common law offense in England, but it was, perhaps, punishable in the ecclesiastical courts. Some American courts have held it a common law affence; but in Virginia it was held not a common law offence, and that it could be punishable only as statute prescribes. *Anderson* v. *Commonwealth,* and *Commonwealth* v. *Isaacs and West, 5* Rand 627; 32 Am. Dec. 289; Clark Crim. Law 312. But our statutes makes adultery and fornication misdemeanors in Code, chapter 149, section 6, reading, "If any person commits adultery or fornication, he shall be guilty of a misdemeanor, and fined not less than twenty dollars." Thus the statute both creates the offence and fixes the punishment. It cannot be said that as it is a common law offence there may be both fine and imprisonment.

If the statute did not specify the punishment there could be imposed either fine or imprisonment or both under principles stated in *Ex parte Garrison,* 36 W. Va. 836. If the statute had simply stamped adultery as a misdemeanor, both or either of these punishments could be imposed; but the statute specifies the punishment.

The specification of one punishment excludes any other. *Lynch* v. *Bank,* 22 W. V. 554. We cannot think that as the Legislature considered the punishment, it only went half way. Indeed, we should rather say that knowing that a misdemeanor is punishable by both or either fine or imprisonment, it did not intend this act to be punished by imprisonment, because it prescribes only a fine. Even without section 3, chapter 152, Code, we would say that only a fine could be imposed; but that section logically all the more requires us to so hold, as it pro-

vides that "A common law offence for which punishment is prescribed by statute, shall be punished only in the mode so prescribed."

If even it were a common law offence, we could only impose a fine.

So much of the judgment as imposes imprisonment being entirely without law to support it, and being against the statute, and void, we must discharge the petitioner from custody.

*Reversed and prisoner released.*