[No. 11847.   Department Two.   July 22, 1914.]

THE STATE OF WASHINGTON, *Appellant*, v.
JOHN G. JOHNSON, *Respondent*.[1]

LARCENY—SUBJECTS OF LARCENY—OYSTERS. The legislative enact-
ment declaring certain natural beds of oysters to be state reserve
oyster lands is not such a reducing of oysters to actual possession,
or a reclaiming of them from their wild state, as to render them
subject to larceny.

CRIMINAL LAW—STATUTORY CRIMES—PUNISHMENT. The taking of
oysters from any of the state oyster land reserves is a penal offense,
under Rem. & Bal. Code, § 5253, making it a misdemeanor, and, as
the statute creates a new offense, the punishment can be only that
which the statute prescribes.

CRIMINAL LAW—APPEAL—DETERMINATION—SUSTAINING DEMURRER
TO INFORMATION—RIGHT TO NEW ACTION. Where a demurrer to an
information charging larceny of oysters was sustained by the trial
court on the concession of the prosecution that the offense consisted
in the taking of oysters from their natural beds in state reserve
lands at a time prohibited by statute, on appeal the judgment will
be affirmed without prejudice to the commencement of a new action
by the prosecuting attorney based upon the violation of the statutory
offense.

Appeal from a judgment of the superior court for Mason
county, Mitchell, J., entered January 30, 1914, dismissing
a prosecution for larceny, upon sustaining a demurrer to
the information.   Affirmed.

*R. A. Lathrop (D. F. Wright*, of counsel), for appellant.
*T. P. Fisk* and *Troy & Sturdevant*, for respondent.

FULLERTON, J.—On January 2, 1914, the prosecuting at-
torney of Mason county filed an information against the re-
spondent, Johnson, charging him with the larceny of certain
oysters, the property of the state of Washington.   The in-
formation was in the form usual in cases of larceny; it
charged that the respondent, at a certain time and place
named, did unlawfully and feloniously take, steal, and carry

[1]Reported in 141 Pac. 1040.

away a quantity of oysters, of the value of $45, the property. of the state of Washington, with intent to deprive and defraud the state of its property therein. After his arrest and upon his arraignment, the respondent demurred to the information, on the ground, among others, that the information did not state facts sufficient to constitute a crime. On the argument of the demurrer, the state conceded that its proof would tend to show that the oysters, which were the subject of the larceny, were taken from their natural beds in the state's reserve oyster lands at a time prohibited by the statute for such taking, and that the same had not been reduced to the possession of the state further than the several acts of the legislature creating the reserve oyster lands and prohibiting the taking of oysters therefrom had reduced them to such possession. On this concession being made, the court sustained the demurrer to the information and dismissed the action. The state appeals.

The grounds upon which the learned trial judge rested his decision do not appear in the record except in so far as his views may perhaps be reflected in the argument advanced by the respondent. It is the respondent's contention that oysters are subject to the rule applicable to that class of animals denominated by the common law as animals *ferae naturae*, which were not the subjects of larceny unless reclaimed from their wild state, or reduced to actual possession; and he argues that oysters, lying in their natural beds on the reserve oyster lands of the state, are no different in their situation than are those oysters upon the state's tide lands generally, and may be taken with impunity by any one finding them. On the other hand, the prosecuting attorney contends that the acts creating the reserve oyster lands had the effect of reclaiming the oysters from their original wild state and reducing them to possession; and hence, any one taking them from the reserve lands is guilty of larceny, and can be arrested and punished under the general laws of the state relating to the crime of larceny of personal property.

We are not, however, able to conclude that either of those contentions is correct in its entirety. Unquestionably, we think, oysters, in common with other shell-fish, found on the tide lands belonging to the state, are so far wild by nature that any one finding them may, in the absence of a statute prohibiting the act, take them and convert them to his own use without violating any of the general criminal statutes of the state; and we think, also, that the statutes creating the oyster reserve lands did not, by the mere act of declaring that such lands were reserve oyster lands, change the rule. But we think it does not follow from this that there is no statute, as the defendant contends, under which a person unlawfully taking oysters from the state's reserve oyster lands may be punished. We find in the statutes creating and regulating the control of such lands provisions by which persons may be licensed to take oysters therefrom in limited quantities for designated purposes between certain fixed dates, and a further provision that:

"If any person or persons shall take oysters from any of the state oyster land reserves contrary to the provisions of this act, or shall go upon said reserves and rake up, or otherwise prepare oysters to facilitate the taking of same, shall be guilty of a misdemeanor and upon conviction thereof shall be fined in a sum not less than one hundred dollars, and imprisonment for a term of not more than one year, and forfeit any license he or she may then hold." Rem. & Bal. Code, § 5253 (P. C. 373 § 25).

This statute, in our opinion, clearly makes the offense of taking oysters from the state's reserve oyster lands a penal offense, if the same are taken at a time or in a manner prohibited thereby, and subjects the offender to punishment. Since, however, the taking of oysters from such reserve lands is criminal only because the statute has declared it to be so, we think the only penalty that can be inflicted upon the offender is that prescribed by the statute. The rule is general that "Where a statute creates a new offence and denounces the penalty, or gives a new right and declares the remedy,

the punishment or the remedy can be only that which the statute prescribes." *Farmers & Mechanics' Nat. Bank v. Dearing*, 91 U. S. 29. Or, as said by the Supreme Court of Appeals of West Virginia, in *Ex parte Richards*, 53 W. Va. 555, 45 S. E. 341, "The specification of one punishment excludes any other." As bearing upon the general question, it may not be improper to cite our own cases which hold that a foreign corporation entering into contracts with citizens of our state are not precluded from enforcing the contracts in our courts, notwithstanding such corporations may not have complied with the statutory requirements relative to the doing of business within the state by foreign corporations. These cases were rested on the principle that, where the statute directed the performance of an act and fixed a penalty for a failure to perform it, the only penalty the court would visit upon the offender was the statutory penalty. *Dearborn Foundry Co. v. Augustine*, 5 Wash. 67, 31 Pac. 327; *La France Fire Engine Co. v. Mt. Vernon*, 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827; *Horrell v. California etc. Ass'n*, 40 Wash. 531, 82 Pac. 889.

In the case of *La France Fire Engine Co. v. Mt. Vernon*, the principle was stated as follows:

"It is a general proposition, sustained by the weight of authority, that, where a statute imposes a penalty for failure to comply with statutory requirements, the penalty so provided is exclusive of any other; at least, no other penalty will be implied."

The foregoing considerations make it clear that the respondent cannot be punished under the general statutes of larceny for the offense the state's counsel concedes the evidence would tend to show he has committed, but we think it equally clear that it shows, contrary to his own contention, that if he has been guilty of the offense of taking oysters from the state's oyster reserve lands in violation of the provisions of the statutes regulating the taking of oysters from

such lands, he can, on conviction thereof, be punished according to the special penalty affixed thereto.

Owing to the somewhat peculiar condition of the record, we have had some difficulty in determining the proper judgment to be entered in this court. The information filed in the cause on its face states facts sufficient to constitute a crime. It was adjudged by the trial court otherwise only because of the nature of the evidence the state conceded it would resort to in order to prove the offense, the court evidently treating the information as amended in that particular. But if we are to treat the information in the same manner, we are bound to conclude the judgment entered erroneous, since we find there is a special statute applicable to the facts stated by the state's representative. If, on the other hand, we send the cause back for trial on the information treating it as amended, another difficulty arises; the information will not state the facts charged as the crime in that clear and concise language required by the statute in criminal pleadings. Lest there be, therefore, some confusion in the defendant's mind as to the crime with which he is charged and he be thereby misled to his prejudice, we will affirm the judgment appealed from, with leave to the prosecuting attorney to commence a new action against him without prejudice as to any question of fact or law arising out of the present proceeding; such action to be in effect a new and independent proceeding.

It is so ordered.

CROW, C. J., MOUNT, PARKER, and MORRIS, JJ., concur.