[No. 33513.   Department Two.   April 12,.1956.]

FRANCES WITZEL, *Appellant,* v. TELL TENA, *Respondent.*[1]

[1]Reported in 295 P. (2d) 1115.

629

*Binns, Cunningham & Fletcher,* for appellant.

*Everal Carson,* for respondent.

OTT, J.—The plaintiff, Frances Witzel, and the defendant, Tell Tena, were married May 8, 1920. October 31, 1928, they entered into a written contract to purchase land, stock, and equipment in Clark county. The purchase price was forty thousand dollars and was to be paid at the rate of five hundred dollars a month, which included interest at six per cent per annum on the deferred balance. By 1932, the contract balance had been reduced to approximately thirty thousand dollars. April 26, 1932, the seller deeded the property to the purchasers and took mortgages on the land, stock, and equipment as security. From 1932 until 1937, the Tenas made no payment on the principal and paid only a part of the interest on the mortgage debt. In 1935, the mortgagee voluntarily waived all interest due and unpaid and reduced the balance of the principal to twenty-two thousand five hundred dollars.

In 1937, Mrs. Tena left the farm and commenced divorce proceedings against Tell Tena in Clark county. In her complaint, she claimed no interest in the community property and prayed that it be awarded to Tell Tena. This divorce proceeding was abandoned.

July 29, 1939, she obtained a divorce from Tell Tena in Nevada. Prior to obtaining the Nevada divorce, she wrote to Mr. Tena, asking him to enter an appearance in the Nevada court and sign a waiver. She included a copy of a letter her attorney had written to her. Her letter and the attorney's letter indicated that she claimed none of the property owned by the parties and was interested only in the divorce.

After receipt of the letters, Mr. Tena signed the waiver and the appearance, as requested. In her complaint filed in the Nevada court, Mrs. Tena alleged that there was no community property, and, in granting the divorce, the court found that all of the allegations in the complaint were true. July 30, 1939, Mrs. Tena married Mr. Witzel and moved to California, where she has since resided.

When the parties were divorced in 1939, the real and personal property of the community was encumbered in the sum of approximately twenty-five thousand dollars and, at that time, had a value of approximately twenty-one thousand dollars. In the ensuing sixteen years, Tell Tena worked to improve the farm, and, at the time of the trial, the land was valued at approximately fifty-three thousand dollars and was clear of the debt.

Mrs. Witzel commenced this action May 5, 1953, alleging that she owned a one-half interest in the community real property acquired in 1928; that the community realty had not been disposed of by the divorce decree; that, at all times since the divorce, the parties have been tenants in common; that Tell Tena should be required to render an accounting, and that the land should be partitioned in kind, or sold and the proceeds of the sale divided between the parties.

In his answer, the defendant denied the allegations in the complaint and affirmatively pleaded, among other defenses, that the plaintiff was estopped to claim any interest in the real property in question, and prayed that the title to the property be quieted in him.

The cause was tried to the court. Findings of fact, conclusions of law, and judgment awarding the plaintiff one

dollar and quieting title in the defendant were entered. The plaintiff has appealed.

■ The superior courts of this state are courts of general jurisdiction and have power to hear all cases in equity and in law. Art. IV, § 6, state constitution; RCW 2.08.010 [cf. Rem. Rev. Stat., § 15].

"When a suit for partition is in a court of equity, *or in a court authorized to proceed with powers as ample as those exercised by courts of equity,* it may be employed to adjust all the equities existing between the parties and arising out of their relation to the property to be divided. 'He who seeks equity must do equity.' Hence whoever, by a suit for partition, invokes the jurisdiction of a court of equity in his behalf, thereby submits himself to the same jurisdiction, and concedes its authority to compel him to deal equitably with his cotenants." (Italics ours.) Freeman on Cotenancy and Partition (2d ed.), 674, § 505.

RCW 7.52.070 [cf. Rem. Rev. Stat., § 844], relating to the trial of partition suits, provides:

*"The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried, and determined in such suit,* and where a defendant fails to answer, or where a sale of the property is necessary, the title shall be ascertained by proof, to the satisfaction of the court, before the decree for partition or sale is given." (Italics ours.)

■ The statute requires that all of the parties' rights be determined in such suit, and, since the trial court is one of general jurisdiction, equitable rights as well as legal rights are adjudicated. It is the duty of the court, in a partition suit, to determine title when that issue is presented. *Womach v. Sandygren,* 96 Wash. 12, 164 Pac. 600 (1917); *Washington Pulp & Paper Corp. v. Robinson,* 166 Wash. 210, 6 P. (2d) 632 (1932).

■ The respondent, by pleading equitable defenses and praying for a decree quieting title, raised the issue of title and invoked the equity jurisdiction of the court. Determination of the appellant's title was a prerequisite to a decision on the issue of partition. It was, therefore, necessary for the court to consider the facts affecting title to the property in question, both before and after July 29, 1939.

632 ■

■ ■ The property in question was acquired by the parties during coverture and is presumed to have been community property. *Abel v. Abel,* 47 Wn. (2d) 816, 289 P. (2d) 724 (1955). The real property was not disposed of in the Nevada divorce proceeding. Under the rule of *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588 (1907), the parties thus became tenants in common. It follows that, by the divorce decree, appellant was not divested of her title to an undivided one-half interest in the real property belonging to the parties.

■ ■ Can the appellant now assert her title? A party's conduct may, under certain circumstances, preclude him from asserting a vested right. The doctrine of equitable estoppel or estoppel *in pais* is applied where justice forbids that one speak the truth in his own behalf. *Code v. London,* 27 Wn. (2d) 279, 178 P. (2d) 293 (1947). For the doctrine to be applicable, there must be (1) acts, statements, or admissions inconsistent with a claim subsequently asserted, (2) action or change of position on the part of the other party in reliance upon such acts, statements, or admissions, and (3) a resulting injustice to such other party, if the first party is allowed to contradict or repudiate his former acts, statements, or admissions. *Kessinger v. Anderson,* 31 Wn. (2d) 157, 196 P. (2d) 289 (1948).

The appellant, in her original Clark county divorce complaint, described the community property and requested that it be awarded to the respondent. Prior to the Nevada divorce, appellant wrote to the respondent and induced him to sign a waiver and enter an appearance in the Nevada court, indicating that, if he did so, the community property would be his. She alleged in that action that there was no community property, and the court found her allegations to be true. She acquiesced in the judgment and the findings of the court for fourteen years. The reason for her conduct in this respect may have been the fact that, in 1939, the farm was subject to a twenty-five thousand dollar mortgage, and the land, stock and equipment were estimated to be worth but twenty-one thousand dollars. Had she claimed

her one-half interest at that time, it would have been burdened with an obligation in excess of its value.

██ A party will not be permitted to plead matters that are inconsistent with his pleadings in a former action between the same parties, if he prevailed upon those pleadings and if the other party has been misled thereby. *Hedgecock v. Mendel,* 146 Wash. 404, 263 Pac. 593 (1928); *Rushlight v. McLain,* 28 Wn. (2d) 189, 182 P. (2d) 62 (1947).

██ Acquiescence in the findings of a court is a ground for an equitable estoppel. See *In re Miller,* 26 Wn. (2d) 202, 173 P. (2d) 538 (1946).

All of the elements necessary for the application of the doctrine of equitable estoppel or estoppel *in pais* are here present: (1) appellant's statements in the pleadings that there was no community property, and statements in the letter that respondent would receive all of the property in question; (2) a change of position by the respondent when he signed the waiver and appearance in reliance upon the appellant's statements and representations; and (3) a resulting injustice to respondent, if the appellant now is permitted to assert an interest in the property and thus repudiate her former statements and representations.

██ We hold that, upon the facts of this case, the appellant, although vested with an undivided one-half interest in the farm at the time of the divorce, is now estopped to assert her title. See, also, *Markley v. Markley,* 31 Wn. (2d) 605, 198 P. (2d) 486 (1948).

The trial court found that the defense of equitable estoppel had not been sustained by the evidence. In our opinion, and for the reasons stated above, the evidence preponderates against this finding.

In awarding judgment to the respondent, the trial court relied upon the rule announced in *Buckley v. Buckley,* 50 Wash. 213, 96 Pac. 1079 (1908). The cited case is not analogous upon many material facts, and the reasons expressed therein for the judgment awarded are not applicable to the facts and issues in the case before us. Hence, the *Buckley* case is not authority for, or controlling in, the determination of this case.

■ ·We have held that, if the judgment of the trial court can be sustained upon any theory presented to it, the judgment will not be reversed. *Palin v. General Constr. Co.,* 47 Wn. (2d) 246, 287 P. (2d) 325 (1955); *Kirkpatrick v. Department of Labor & Industries, ante* p. 51, 290 P. (2d) 979 (1955).

The evidence established equitable estoppel, and the appellant is precluded from asserting any title to the property in question. The court properly quieted title in the respondent.

Under the doctrine of equitable estoppel, that portion of the judgment which quiets title in the respondent is affirmed. Therefore, the trial court's award of one dollar to the appellant is not allowable.

Appellant's principal assignments of error have been disposed of in the foregoing opinion, and we find no merit in the remaining assignments.

The cause is remanded with instructions to enter judgment in accordance with the views expressed herein. The respondent will recover costs on appeal.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.

---

May 16, 1956. Petition for rehearing denied.