[No. 19153–5–I.   Division One.   October 5, 1987.]

HARLEY HUDGENS, *Appellant*, v. THE CITY OF RENTON, *Respondent*.

*J. Stephen Funk,* for appellant.

*Lawrence J. Warren, City Attorney,* and *Zanetta Fontes,* for respondent.

COLE, J.*—

FACTS

On August 30, 1981, Renton police arrested Denice Lynn Carnahan for a suspected DWI offense and subjected her to a strip search. On November 4, 1981, a jury found Ms. Carnahan not guilty.

On October 11, 1985, appellant Harley Hudgens, a free-lance newsman, appeared at the Renton Police Department and requested access to the arrest report, citation, patrol report, officer's report, and any other record prepared by Renton police in connection with the above mentioned arrest. When his request was denied, appellant then gave a police department clerk a written request for an explanation of the denial. The request was addressed to Martha French, a city attorney.

On October 23, 1985, appellant was contacted by city attorney Lawrence Warren. Mr. Warren indicated he was reviewing appellant's request. Several days later, appellant received a letter from Mr. Warren explaining the reasons for denying appellant's request. The denial was based on RCW 42.17.310(1)(d), RCW 10.97.010, and RCW 10.97.040.

On November 1, 1985, appellant received a second letter from Mr. Warren advising him that RCW 10.97.080 specifically excluded applicability of the public disclosure act, RCW 42.17, to nonconviction information.

Appellant subsequently filed this action seeking an order of show cause for inspection pursuant to RCW 42.17.340. The trial court held that the request for inspection was

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

precluded by RCW 10.97, and entered an order denying appellant access to records and dismissing the case with prejudice. This appeal followed.

Appellant first contends the trial court erred in holding that the requested records were excluded from public disclosure by RCW 10.97.080. He also argues that the requested information does not fall within any exemption of the public disclosure act, RCW 42.17, and therefore the trial court erred in failing to order disclosure.

On the other hand, the respondent City of Renton argues that RCW 10.97.080 specifically exempts nonconviction information from RCW 42.17. Respondent also argues that the information is exempt from the provisions of the public disclosure act under RCW 42.17.310.

## RCW 10.97.080

Washington's criminal records privacy act, RCW 10.97, generally provides for the "completeness, accuracy, confidentiality, and security of criminal history record information . . .". RCW 10.97.010. Section 10.97.080 of the act states that

No person shall be allowed to *retain* or *mechanically reproduce* any nonconviction data except for the purpose of challenge or correction when the person who is the subject of the record asserts the belief in writing that the information regarding such person is inaccurate or incomplete. *The provisions of chapter 42.17 RCW shall not be construed to require or authorize copying of nonconviction data for any other purpose.*

(Italics ours.)

Respondent argues, and the trial court held, that this language precludes the copying or retaining of nonconviction information, and exempts such information from the disclosure requirements of RCW 42.17. We agree.

■ The statute clearly states (1) that nonconviction information cannot be *retained* or *mechanically reproduced,* except in certain situations, and (2) that RCW 42.17 shall not be construed to require or authorize *copying* of nonconviction information. Thus, the trial court did not err

in denying appellant's request to *copy* these documents.[1] However, nothing in the statute prohibits the *viewing* or inspection of nonconviction information. Thus, the court may have erred to the extent that it denied appellant's request to inspect or view the documents.[2] Whether the court erred in this respect depends on whether the information is protected from any sort of disclosure by specific exemptions in RCW 42.17.

## RCW 42.17

Washington's public disclosure act, RCW 42.17, mandates full access to public records and information concerning the conduct of government. RCW 42.17.010(11). The act also expressly states that its sections "shall be liberally construed to promote complete disclosure . . .". RCW 42.17.010. However, the act also specifically exempts the following records from public inspection and copying:

> (d) Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.

RCW 42.17.310(1)(d). In order to prevent disclosure of information under these exemptions, the agency seeking to prevent disclosure has the burden of showing that the nondisclosure of the information is necessary either for effec-

---

[1]Appellant also argues that RCW 10.97.080 is inapplicable because RCW 42.17.920 states that, in the event of a conflict between the public disclosure act and any other act, the provisions of the public disclosure act shall govern. However, RCW 10.97.080 was passed 4 years after RCW 42.17.920. Since the Legislature is presumed to be aware of its prior enactments when it enacts new statutes, *Baker v. Teachers Ins. & Annuities Ass'n College Retirement Equity Funds (TIAA–CREF),* 91 Wn.2d 482, 588 P.2d 1164 (1979), it is clear that the Legislature intended for RCW 10.97.080 to control over RCW 42.17.920.

[2]Though appellant's complaint specifically requested an order allowing him to *copy* the documents at issue, the briefs submitted to this court and the court below request relief in the form of an opportunity to view or inspect the relevant documents.

tive law enforcement or for the protection of any person's right to privacy. *See In re Rosier,* 105 Wn.2d 606, 616, 717 P.2d 1353 (1986).

In the instant case, the information sought by appellant, *i.e.,* arrest reports, etc., are clearly "investigative records compiled by [a] law enforcement [agency] . . .". RCW 42.17.310(1)(d); *see Cowles Pub'g Co. v. State Patrol,* 44 Wn. App. 882, 894–95, 724 P.2d 379 (1986). Thus, the question before this court is whether "the nondisclosure of [the information] . . . is essential to effective law enforcement or for the protection of any person's right to privacy." RCW 42.17.310(1)(d).

■ Respondent asserts that nondisclosure is required in the instant case to protect Carnahan's right to privacy. This assertion appears to be supported by language in *In re Rosier,* at 613, where the court stated that "an individual has a privacy interest whenever information which reveals unique facts about those named is linked to an identifiable individual." Therefore, since the information at issue here may reveal unique facts about an identifiable individual, Carnahan arguably has a privacy interest in the information. However, even assuming Carnahan has a privacy interest in the information at issue, respondent must also show that the information is "highly offensive", and that the public interest in disclosure does not outweigh the privacy interest. *In re Rosier,* at 613–14. Though respondent points out that the information is "embarrassing" because it involves a DWI and a strip search, there is no argument that such embarrassment is "highly offensive." *See Columbian Pub'g Co. v. Vancouver,* 36 Wn. App. 25, 30, 671 P.2d 280 (1983). Furthermore, even assuming the information is "highly offensive," respondent nowhere argues that Carnahan's right of privacy in the "highly offensive" information outweighs the public interest in disclosure. Therefore, we must reject the argument that the information falls within the exemption contained in RCW 42.17.310(1)(d), and hold that the trial court erred in failing to allow appellant to view or inspect the documents at issue.

Finally, appellant contends he is entitled to attorney's fees and a monetary award under RCW 42.17.340(3). The statute states that

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed twenty–five dollars for each day that he was denied the right to inspect or copy said public record.

This statute clearly entitles appellant to an award of fees and costs incurred in this litigation. Therefore, we award appellant his costs and $1,000 in attorney fees. We decline, however, to make any additional award pursuant to RCW 42.17.340(3).

Affirmed in part, and reversed in part.

DURHAM and McCUTCHEON, JJ. Pro Tem., concur.

Review denied by Supreme Court March 3, 1988.