[No. 14322-8-III. Division Three. December 7, 1995.]

GEORGE SYROVY, ET AL., *Respondents*, v. ALPINE RESOURCES, INC., *Defendant*, KEN REOH, ET AL., *Appellants*.

*Albert J. Golden* and *Golden & Knowlton, P.S.*, for appellants.

*Michael V. Hubbard* and *Hubbard Law Office, P.C.*, for respondents.

SWEENEY, A.C.J. — George Syrovy recovered a $90,000 judgment against Alpine Resources, Inc., and Ken Reoh. In an attempt to satisfy the judgment, Syrovy executed on a piece of property owned by Alpine. Syrovy purchased the property for $25,000 at a sheriff's sale. Following the sale, Reoh bought Alpine's right of redemption for $500. A written assignment of the redemption rights from Alpine to Reoh was acknowledged and signed by Reoh, as secretary of Alpine. The assignment conveyed the redemption right to himself as an individual. Reoh, as secretary of Alpine, also signed a corporate resolution authorizing the assignment.

On June 13, 1994, pursuant to the assignment, Reoh redeemed the property for $26,028. About a month later, Syrovy again began to execute against the same property now owned by Reoh. Reoh moved to rescind an order disbursing his redemption proceeds to Syrovy. He argued that the assignment was invalid because of several technical defects, the most significant of which was that the assignment had not been recorded. Because of these defects, he urged that the redemption should be voided and his $26,028 returned.

We are asked to decide whether Reoh may use technical deficiencies in the assignment of Alpine's redemption rights to him to void his redemption of the property. We assume, without deciding, for purposes of our discussion that the attempt to assign Alpine's redemption rights was flawed and that Reoh is not a successor in interest to the judgment-debtor, Alpine. We conclude, however, that Reoh cannot assert those deficiencies because of the doctrine of equitable estoppel.

## DISCUSSION

Equitable estoppel advances the "principle that a

man shall not be permitted to deny what he has once solemnly acknowledged . . . ."[1] Application of the doctrine requires: (1) acts, statements, or admissions inconsistent with a claim subsequently asserted; (2) action or change of position by another in reliance upon such acts, statements, or admissions; and (3) a resulting injustice to such other party, if the first is allowed to contradict or repudiate his or her former acts, statements, or admissions.[2] When applicable, equitable estoppel may preclude a party from exercising a right which might otherwise have existed.[3]

Each element of equitable estoppel is present here. First, the assignment of redemption rights by Alpine, with Reoh signing as secretary, and Reoh's subsequent redemption are acts inconsistent with his later claim that the assignment was defective and the redemption therefore void. When Reoh redeemed Alpine's property by authority of the assignment, he certainly did not complain that the assignment might be insufficient. Only after Reoh realized that Syrovy could again execute on the same property did he claim the assignment was defective. His subsequent claim is then inconsistent with his earlier assertion of rights pursuant to the assignment.

Second, Syrovy changed his position because of the assignment. In reliance on the validity of the assignment, Syrovy did not object to Reoh's redemption of Alpine's property. He relied on the assignment's legal sufficiency and the validity of Reoh's title in again executing on the property to satisfy his unpaid judgment.

Finally, it strikes us as unjust that Syrovy should be prevented from executing on property, now owned by Reoh, because of technical shortcomings in a document over which Syrovy had no control and, in fact, which was totally within Reoh's control. The defects in the assign-

---

[1]*Arnold v. Melani*, 75 Wn.2d 143, 147, 449 P.2d 800, 450 P.2d 815 (1968).

[2]*Witzel v. Tena*, 48 Wn.2d 628, 632, 295 P.2d 1115 (1956).

[3]*Carter v. Curlew Creamery Co.*, 16 Wn.2d 476, 491, 134 P.2d 66 (1943) (equitable estoppel has the effect of precluding, both at law and in equity, assertion of rights that may otherwise exist).

ment are not asserted by Alpine, the assignor, or Syrovy, the innocent third party. Allowing Reoh to assert the defects to benefit himself and prejudice the rights of Syrovy is unjust. This third requirement for equitable estoppel has therefore been met.[4]

Relying on *Fidelity Mut. Sav. Bank v. Mark*,[5] Reoh argues that the right to redeem property under RCW 6.23.010 is not an equitable right, created or regulated by principles of equity, but depends rather on the provisions of the statute.[6] Syrovy relies on *GESA Fed. Credit Union v. Mutual Life Ins. Co.*[7] for the proposition that substantial compliance is sufficient. There, the court relied on equitable principles and excused the purchaser's failure to file a statement of assessments. In *Fidelity* the court refused to apply equitable principles and concluded that a party was not a "successor in interest" because of technical failures to comply with the statute, RCW 6.24.130 (now recodified as RCW 6.23.010). *GESA* and *Fidelity* are difficult to reconcile. And we need not reconcile them for purposes of our holding. The issue here is not whether Alpine's assignment complied with the redemption statute, but whether Reoh can even make the argument that the assignment did not comply.[8] Based on our application of the doctrine of equitable estoppel, we conclude he may not.

 Reoh also contends that our holding in *Food Servs. of Am. v. Royal Heights, Inc.*[9] precludes Syrovy from arguing equitable estoppel because he did not argue the theory in the trial court. We may, however, affirm on any ground

---

[4]*Witzel*, 48 Wn.2d at 632.

[5]112 Wn.2d 47, 767 P.2d 1382 (1989).

[6]*Kuper v. Stojack*, 57 Wn.2d 482, 358 P.2d 132 (1960); *Burwell & Morford v. Seattle Plumbing Supply Co.*, 14 Wn.2d 537, 128 P.2d 859 (1942).

[7]105 Wn.2d 248, 713 P.2d 728 (1986).

[8]*Hartman v. Smith*, 100 Wn.2d 766, 769, 674 P.2d 176 (1984) (equitable estoppel precludes the exercise of a right which might otherwise have existed).

[9]69 Wn. App. 784, 792, 850 P.2d 585 (1993), *aff'd*, 123 Wn.2d 779, 871 P.2d 590 (1994).

supported by the record but are not required to do so.[10] Unlike *Food Services*, we affirm the decision of the trial court here based on an alternate theory developed in the briefs and well supported in the record. In *Food Services* we refused to consider an alternate ground for *reversing* the decision of the trial court, which denied a motion for summary judgment.

The summary dismissal of Reoh's claims is affirmed. Syrovy makes a claim for attorney fees arguing that Reoh's claims were frivolous. They were not and the claim is denied.

MUNSON and SCHULTHEIS, JJ., concur.

Review denied at 129 Wn.2d 1012 (1996).

---

[10]*Robinson v. Hamed*, 62 Wn. App. 92, 104 n.29, 813 P.2d 171 (an appellate court may affirm a trial court decision on any grounds supported by the record), *review denied*, 118 Wn.2d 1002 (1991).