IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KEVIN ANDERSON, | ) | |
| | ) | No. 33783-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALLA WALLA POLICE | ) | UNPUBLISHED OPINION |
| DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, C.J. — We affirm the trial court's denial of relief to Kevin Anderson

under the Public Records Act, chapter 42.56 RCW.

FACTS

On May 17, 2012, the Walla Walla County District Court entered a temporary

order of protection against Kevin Anderson in favor of Laura Gregory. The order barred

Anderson from contacting Gregory or from being within five hundred feet of Gregory.

The order read, in part:

> It is further ordered that the clerk of court shall forward a copy of
> this order on or before the next judicial day to: . . . [the] Walla Walla Police
> Department WHERE PETITIONER LIVES which shall enter it in a
> computer-based criminal intelligence system available in this state used by
> law enforcement to list outstanding warrants.

Clerk's Papers (CP) at 65. Kevin Anderson then resided at Airway Heights Correctional

Center. On May 30, 2012, the district court entered an order of protection extending the protections afforded Laura Gregory until May 30, 2014. The May 30 order also directed the district court clerk to forward a copy to the Walla Walla Police Department.

On March 26, 2014, Kevin Allen Anderson served a criminal sentence at Coyote Ridge Correctional Center. On that day, Anderson submitted a public records request to the Walla Walla Police Department. The request sought "'[a]ny records related to myself (Kevin Allen Anderson, DOB: January 27, 1974).'" CP at 163. The police department received the request on March 28, 2014.

Dana Hood, the Walla Walla Police Department records clerk, processed the request on March 31, 2014. Hood typed the name Kevin Anderson into the police department's records computer management system. The screen, with the heading "jacket activity," that then appeared listed no police records, and, thus, Hood concluded the police department possessed no records about Kevin Anderson or responsive to Anderson's public records act request. The screen, however, showed the existence of an order of protection against Anderson entered by the Walla Walla District Court in a suit on May 17, 2012. On March 31, Hood printed a copy of the screen. We will refer to the copy of the screen as a "jacket activity."

Dana Hood handwrote a response on Anderson's request letter and returned the letter to him on March 31, 2014. The note read:

Kevin,

2

> We have no Walla Walla Police report records on file for you. However, a current order of protection is on file. Copies can be obtained by/through Walla Walla District Court.

CP at 25. The note directed Anderson to contact the district court because Hood understood that the court might be the only location of an accurate and current copy of the order. Anderson did not then look to determine if the police department possessed a copy of the court order. By March 31 and before receiving the response from the Walla Walla Police Department, Anderson had already obtained a copy of the order and other court records from Walla Walla District Court.

## PROCEDURE

Kevin Anderson, without any contact with the police department after March 31, 2014, filed this lawsuit against the Walla Walla Police Department on February 17, 2015. Dana Hood, Walla Walla Police Department records clerk, then reviewed the department's records again and confirmed that the department lacked a copy of the district court order. Hood, nonetheless, retrieved a copy of the court file from the district court and, on March 10, 2015, the department delivered the copy to Anderson's attorney.

The Walla Walla Police Department moved the court to dismiss this case. The superior court granted the motion and entered the following conclusions of law:

> 3.1 The March 31, 2014 records response by the Walla Walla Police Department cannot reasonably be interpreted in context as a refusal to provide responsive records to Kevin Anderson or as an indication that it would provide no further assistance to him. The actions taken by the Walla Walla Police Department on March 31, 2014 were prompt and meant to

3

provide access to responsive records.

    3.2 The March 31, 2014 records response by the Walla Walla Police Department to Kevin Anderson's March 26, 2014 records request does not constitute a denial of an opportunity to inspect or copy a public record.

CP at 164.

## LAW AND ANALYSIS

On appeal, Kevin Anderson challenges the Walla Walla Police Department's failure to produce, in response to his public records act request, the Walla Walla District Court records and the "jacket activity" computer screen printed by Dana Hood in response to his request. The police department contends that Anderson did not seek the jacket activity and the jacket entry is not a "record," for purposes of the Public Records Act, but rather an index of records. The police department also argues that Kevin Anderson has not shown bad faith.

The Public Records Act requires all state and local agencies to disclose any public record on request unless the record falls within certain very specific exemptions. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 250, 884 P.2d 592 (1994) (*PAWS* II). "Public record" includes any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics. RCW 42.56.010(3). An agency has five business days to respond to a request, and must respond either by providing the record, providing an

4

Internet address or link to the record, informing the party that additional time is necessary, or denying the request. RCW 42.56.520. If an agency denies a request, it must include a written statement of the specific reasons for the denial. RCW 42.56.520.

An agency need not produce a document that does not exist. *Sperr v. City of Spokane*, 123 Wn. App. 132, 133, 96 P.3d 1012 (2004). The agency need not create a record that is otherwise nonexistent. *Smith v. Okanogan County*, 100 Wn. App. 7, 13-14, 994 P.2d 857 (2000) (citing *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161-62, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975)). Nor must an agency comply with an overly broad request. *Hangartner v. City of Seattle*, 151 Wn.2d 439, 448, 90 P.3d 26 (2004). At a minimum, a person seeking documents under the Public Records Act must identify the documents with sufficient clarity to allow the agency to locate them. *Hangartner*, 151 Wn.2d at 447. Agencies are not required to be mind readers. *Bonamy v. City of Seattle*, 92 Wn. App. 403, 409, 960 P.2d 447 (1998).

A search must be reasonably calculated to uncover all relevant documents. *Neigh. All. of Spokane County v. County of Spokane*, 172 Wn.2d 702, 720, 261 P.3d 119 (2011). Reasonableness will be considered on the facts of each case. *Neigh. All. of Spokane County*, 172 Wn.2d at 720. An inadequate search is comparable to a denial. *Neigh. All. of Spokane County*, 172 Wn.2d at 721.

Kevin Anderson requested any records pertaining to him. He contends that the Walla Walla Police Department violated this request by failing to produce at least two

5

discrete records: (1) the Walla Walla County District court records of the protection order, and (2) the jacket activity printout.

The Walla Walla Police Department denies that it possessed any district court records. Kevin Anderson notes that Dana Hood did not expressly review police department records to discern if the department possessed the court records until he filed suit. He argues that the police department could have held a copy of the court records earlier since Hood's search occurred after the expiration of the order of protection. We do not know such and will not speculate. The police department held no obligation to produce a record that did not exist or to gather records kept by another agency.

Kevin Anderson contends that the jacket activity printout is a public record that should have been disclosed. We need not and do not address this contention because we may resolve Anderson's claims under RCW 42.56.565(1).

In 2011, the Washington Legislature, in response to escalating public records requests from jail inmates, amended the Public Records Act to deny relief to an inmate unless he or she proves bad faith. The amendment, codified at RCW 42.56.565(1), reads:

> A court shall not award penalties under RCW 42.56.550(4) to a person who was serving a criminal sentence in a state, local, or privately operated correctional facility on the date the request for public records was made, unless the court finds that the agency acted in bad faith in denying the person the opportunity to inspect or copy a public record.

Whether an agency acted in bad faith under the Public Records Act presents a mixed question of law and fact, in that it requires the application of legal precepts, the

definition of "bad faith," to factual circumstances, the details of the alleged Public Records Act violation. *Faulkner v. Dep't of Corr.*, 183 Wn. App. 93, 101-02, 332 P.3d 1136 (2014), *review denied*, 182 Wn.2d 1004, 342 P.3d 327 (2015). An offender does not establish bad faith by an agency simply for making a mistake in a record search. *Francis v. Dep't of Corr.*, 178 Wn. App. 42, 63, 313 P.3d 457 (2013), *review denied*, 180 Wn.2d 1016, 327 P.3d 55 (2014).

After reviewing the entire record, we agree with the trial court that actions taken by the Walla Walla Police Department, on March 31, 2014, were prompt and meant to provide access to responsive records. Dana Hood concluded in good faith that the Walla Walla Police Department lacked records responsive to Kevin Anderson's request. Her suggestion to Kevin Anderson that he contact the district court exhibited a desire to be helpful to Anderson rather than to preclude his access to records.

Kevin Anderson claims that we cannot address the question of bad faith because the Walla Walla Police Department did not cross appeal. Anderson emphasizes the principle that, when a respondent neither files the required notice of appeal nor independently demonstrates a basis for relieving it of the requirements of RAP 2.4, it may not obtain "affirmative relief." *Happy Bunch, LLC* v. *Grandview N., LLC*, 142 Wn. App. 81, 90 n.2, 173 P.3d 959 (2007). The police department's claim of good faith does not seek affirmative relief, but rather defends against Anderson's request for relief. Also, this

7

No. 33783-9-III
*Anderson v. Walla Walla Police Dep't*

court may affirm on any ground supported by the record. *Syrovy v. Alpine Res., Inc.*, 80

Wn. App. 50, 54-55, 906 P.2d 377 (1995).

## CONCLUSION

We affirm the superior court's dismissal of Kevin Anderson's suit under the

Public Records Act.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Fearing, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

8