2019 JAN 28 AM 9:46

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ERIC HOOD, an individual, | ) | No. 77433-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v | ) | UNPUBLISHED OPINION |
| | ) | |
| CITY OF LANGLEY, a public agency, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | FILED: January 28, 2019 |

ANDRUS, J. — Eric Hood appeals the summary judgment dismissal of his Public Records Act claims against the City of Langley. Because there are issues of fact as to the adequacy of the City's search and compliance with the PRA, we reverse.

## FACTS

Former Langley Mayor Fred McCarthy left office on December 31, 2015. When his term ended, McCarthy left all of his records in his former office, including six boxes and his City-issued laptop McCarthy informed the City Clerk, Debbie Mahler, who was in charge of records requests, that he was leaving the records in the office to comply with public records laws.

On January 5, 2016, Eric Hood e-mailed a public records request to the City. The request sought:

[A]ll journals, diaries, notebooks, daily calendars, the small pocket notebooks, and any handwritten records or handwritten comments or marginalia or transcribed comments on any records . . . kept or created by former Mayor Fred McCarthy.

[A]ny comments dictated by Fred McCarthy, whether recorded by himself or others, not to include videotapes or audiotapes of Council meetings.

[A]ll city records . . . that are or were maintained in the locked cabinet in former Mayor McCarthy's locked office, at his home, or on his personal computer or any other personal device, even if the records in those locations contain both city and McCarthy's personal information.

[A]ll records showing the retention schedule for the above requested documents, and any records showing whether any of the above documents or portions thereof have been destroyed.

The date range for this request extends from McCarthy's first day in office to the present.

Please provide an exemption log for any records or portions of records that you withhold.

CP 148.

On January 8, 2016, Mahler responded to Hood's request via e-mail.

We have received your request for records relating to Mayor Fred McCarthy. He had no dictation or recordings other than recorded Council meetings and no videotapes. All of Mayor McCarthy's City records are contained in 6 boxes, 25 binders and on a laptop located here at Langley City Hall. Due to the volume of documents, please schedule a time to come into City Hall and review those files. Copies can be made of any documents that you identify.

CP 147. Hood e-mailed Mahler on January 10, 2016, asking whether Mahler was the records custodian and knew what the records contained, whether McCarthy's pocket notebooks were among the available records, whether Mahler was providing an exemption log, and whether any additional records were available or if Mahler was closing the request. On January 11, Mahler replied:

Yes, I am the records custodian, but I do not know what all is contained in the Mayor's records. They were kept by him in his office while he was Mayor and accessed if needed for a public disclosure request. He then boxed them up and put them alphabetically into file boxes and binders were kept from every meeting. Mayor McCarthy's pocket notebooks are not included as he has stated that they were personal notes and not related to city business. I have not redacted or exempted anything from those files, so no exemption log is provided. I have no other records than what we are making available to you.

CP 146

Hood arranged to review the documents at City Hall on January 15, 2016. The interactions between Hood and Mahler during this visit are in dispute. It is undisputed, however, that Mahler would not allow Hood to search McCarthy's laptop while he was there. Hood then e-mailed a specific request for "all electronic files that reference Eric Hood or any of his dealings with the City of Langley." Hood continued his review of documents at City Hall on January 22, 2016.

On January 27, 2016, Mahler responded to Hood's request for electronic files and provided a redaction log. Hood later e-mailed Mahler asking to examine McCarthy's laptop. Mahler refused, informing Hood that all electronic files mentioning Hood had been produced. Hood again asked when he could examine the laptop, and Mahler told Hood that, with supervision, he could view the contents of the laptop but asked if there was something specific he was looking for, as she did not have the time to supervise him at that time. Hood objected to the restrictions Mahler placed on his access to the laptop, noting that in Mahler's original reply on January 8, 2016, she had indicated all of McCarthy's records were available for his inspection, including his laptop.

Hood, representing himself, commenced the present action on February 16, 2016.[1] Hood claimed the City withheld records in violation of the PRA. He argued that the City had a duty to sort records according to his request and that Mahler should have known what was contained in McCarthy's former office. He also claimed failure to redact certain documents was a violation of the PRA. Hood asked the court to order the City to disclose all documents, as well as an exemption log, and asked for monetary damages, including attorney fees and statutory penalties.

The City moved for summary judgment on May 10, 2017. The City filed declarations from both McCarthy and Mahler. It later submitted a second declaration from Mahler, as well as a declaration from the attorney for the City, Jeffrey Myers, who was involved in communicating with Hood. Hood submitted a responsive declaration challenging the City's version of events

The trial court granted summary judgment on July 11, 2017. The trial court concluded the City provided Hood access to the requested records in a timely manner without making any exemption claims. Furthermore, the trial court concluded Hood modified his January 5 request on January 15, 2016, by asking for electronic documents relating only to Hood. Finally, the trial court concluded that while "not perfect," the City's search for the records was reasonably calculated to uncover all relevant documents and was therefore adequate under the statute.

---

[1] Hood had previously served the City with a summons and complaint on January 26, 2016, and an amended complaint on February 10, 2016, but he "withdrew" service of the original complaint and the amended complaint, citing improper service

Hood appeals, contending that there are issues of fact as to the adequacy of the City's search and its compliance with the PRA

## ANALYSIS

### Standard of Review

Judicial review of agency actions taken or challenged under the PRA is de novo. RCW 42 56.550(3); see also Neigh. Alliance of Spokane County v. Spokane County, 172 Wn.2d 702, 715, 261 P.3d 119 (2011). Similarly, grants of summary judgment are reviewed de novo. Id In a summary judgment motion, the moving party bears the initial burden of showing there is no genuine issue of material fact. If the moving party meets the initial showing, then the inquiry shifts to the nonmoving party. Block v. City of Gold Bar, 189 Wn. App. 262, 269, 355 P.3d 266 (2015). If the nonmoving party fails to make a sufficient showing of a genuine issue of material fact, the trial court should grant summary judgment Id. A party may not rely on allegations made in its pleadings; a party's response must set forth specific facts showing that there is a genuine issue for trial. CR 56(e); see also Block, 189 Wn App. at 269.

### Adequacy of the City's Search

Hood challenges the adequacy of the City's search. Our state Supreme Court has held that the adequacy of a search for records under the PRA is the same as the adequacy requirements of the Freedom of Information Act (FOIA). "Under this approach, the focus of the inquiry is not whether responsive documents do in fact exist, but whether the search itself was adequate." Neigh. Alliance of Spokane County, 172 Wn.2d at 719-20. An adequate search is one that is

reasonably calculated to uncover all relevant documents. Id. at 720. Additionally, an agency must make more than a perfunctory search and follow obvious leads as they are uncovered. Id.

An agency bears the burden of showing that its search was adequate. Id. at 721. To establish an adequate search on summary judgment, an agency may rely on reasonably detailed, non-conclusory affidavits submitted in good faith Block, 189 Wn. App. at 271. These affidavits should describe the search and show that all places likely to contain responsive materials were searched. Id.

On appeal, this court examines the evidence presented by the City to determine if it bore its burden of proof. Block, 189 Wn. App. at 272. Although the reasonableness of a search generally depends on the facts and circumstances of each case, when reasonable persons could only conclude that the search was reasonably calculated to uncover all relevant documents, summary judgment would be appropriate. Id. at 274.

We reject Hood's argument that the City produced too many paper records and failed to "search" through paper documents in McCarthy's office to pull out those Hood does not deem responsive. Hood explicitly asked the City to produce "all city records" maintained in a locked cabinet in McCarthy's locked office, at his home, on his personal computer or on any personal device. Hood essentially asked for every public record McCarthy ever had in his possession.

The trial court held, and we agree, there is no cause of action under the PRA against an agency for producing documents to which it could have claimed an exemption. RCW 42.56.550(1) merely provides a cause of action when a

person is denied the opportunity to inspect or copy a requested public record. None of the documents Hood claimed should have been withheld related to him. Producing documents the City could have withheld does not establish the City's search was inadequate.

Additionally, the City provided affidavits detailing the location of the requested paper documents  The City provided four declarations—one from McCarthy, two from Mahler, and one from the City's attorney, Myers  McCarthy testified that his work-related notes were either filed in folders organized by topic, or in one of three miscellaneous notes binders, one for each year he was in office  McCarthy also testified that before his departure, he searched his personal computer and cell phone to ensure that no communications regarding City business were on the devices.  He informed Mahler that the records he left behind in his office were all the public records he had.

Mahler testified that because she knew all of McCarthy's records were in his former office at City Hall, and therefore, any available responsive documents were inside, she did not perform a broader search for paper records in response to Hood's January 5 request.  This evidence is sufficient to demonstrate the City's search for responsive paper documents was adequate.  Partial summary judgment was appropriate as to this element of Hood's PRA claim.

The record is less clear regarding the City's search for responsive electronic documents.  Hood requested copies of "daily calendars . . . kept or created by former Mayor Fred McCarthy."  This request included public records kept in electronic format.  Hood presented evidence that before McCarthy left the City,

McCarthy informed counsel for the City that his calendars were maintained by his administrative assistant in electronic format and that he considered the electronic calendars to be public records. The city's attorney asked McCarthy to provide the electronic calendars to the City Clerk to be processed and released to a prior PRA requestor. On appeal, the City concedes the electronic calendars are public records and accessible from McCarthy's laptop.[2]

Hood claims the City failed to search McCarthy's laptop and failed to discover the responsive daily calendars. But Mahler testified she "searched the City's computer records for responsive records" and set aside those responsive documents for Hood to review. This testimony suggests Mahler printed copies of responsive electronic records for Hood's review We cannot determine from Mahler's statement whether a search of "the City's computer records" led to the discovery or production of McCarthy's electronic calendars. We cannot find any affirmative testimony from Hood that he was not given access to printouts of McCarthy's electronic calendars.

Nor can we determine if a search of the City computer network would have been duplicative of a search of McCarthy's laptop. It may be the records contained in the City computer system are the same as those saved on the laptop. If so, searching the laptop may have been unnecessary. There is a genuine issue of fact as to whether the City performed an adequate search for responsive electronic

---

[2] The City concedes that McCarthy's electronic calendars are public records subject to disclosure under the PRA We decline, however, to establish a rule that daily calendars are always public records subject to disclosure. See Yacobellis v City of Bellingham, 55 Wn App 706, 712, 780 P 2d 272 (1989)(daily appointment calendars are not public records when created solely for individual's convenience or to refresh writer's memory, are maintained in a way indicating a private purpose, and are not circulated or intended for distribution within agency channels)

documents before the City issued its January 8, 2016, response. Summary judgment as to this element of Hood's PRA claim was error.

PRA Violations

Hood argues the City violated the PRA by failing to produce McCarthy's electronic daily calendar records.[3] As indicated above, we cannot find evidence to substantiate one way or the other whether Hood was given access to paper copies of these electronic records when he inspected documents at City Hall.

The City nevertheless contends it could not have violated the PRA in failing to produce these electronic records because Hood "clarified" his January 5, 2016, request on January 15, 2016, by asking only for electronic documents relating to him. Hood challenges the factual assertion that his January 15, 2016, request constituted a "clarification" of his January 5, 2016 request.[4]

We conclude there is a genuine issue of fact as to whether Hood intended to narrow his January 5, 2016, request, as the City contends, or whether the January 15, 2016, request was a new request, as Hood contends. First, when the City sent Hood an email on January 8, 2016, it did not request a clarification regarding the documents he sought to review on McCarthy's laptop. The City said the documents were available for his inspection. One could reasonably assume if the City needed clarification as to the scope of Hood's request for electronic documents, it would have included such a request in the January 8 email.

---

[3] Hood argued below that the City violated the PRA by failing to produce McCarthy's personal journals The trial court held these journals were not public records subject to the PRA, and Hood has not challenged that legal determination on appeal

[4] Under RCW 42 56 520(1), a city has five business days in which to provide the requested records, acknowledge the request and provide a date by which the city will respond, or request a clarification

Second, according to Mahler, while Hood was at City Hall to review records on January 15, 2016, Hood "orally clarified and narrowed his request to only those records that concerned himself." Mahler testified she asked Hood to confirm this clarification in writing and informed him it would take a couple of weeks to respond.

But Hood testified "I never altered my January 5, 2016 or January 15, 2016 requests either orally or in writing." Following his January 15 visit to City Hall, Hood sent an email seeking "all electronic files that reference Eric Hood or any of his dealings with the City of Langley " He did not limit this request to the contents of McCarthy's laptop.[5] Nor did Hood indicate in his January 15 email that it constituted a modification of the January 5 request. There is nothing in the record to indicate that after receiving the January 15 request, the City sought clarification from Hood to confirm an intent to narrow the request for electronic records. Given the disputed evidence, the trial court erred in granting summary judgment on whether the City violated the PRA by failing to produce McCarthy's electronic calendars.

Hood also argues the City violated the PRA by failing to give him unfettered access to McCarthy's laptop to perform his own search We reject this argument. While the purpose of the PRA is to provide "full access to public records so as to assure continuing public confidence of fairness of elections and governmental processes," RCW 42.17A.001, there is no right under the PRA to an "unbridled search," Nissen v. Pierce County, 183 Wn.2d 863, 885, 357 P.3d 45 (2015).

---

[5] Mahler and newly-elected Mayor Tim Callison, who had been reassigned the laptop, searched the laptop for documents specifically mentioning Hood's name Mahler produced copies of records responsive to the January 15, 2016, request on January 27, 2016, along with an exemption log The adequacy of the search in response to the January 15 request is not an issue on appeal

In Sperr v. City of Spokane, this court rejected a requestor's claim that the PRA entitled him to access the Spokane Police Department's computer to run his own search for police records. 123 Wn. App. 132, 136-37, 96 P.3d 1012 (2004) The court held that "the Act does not provide a right to citizens to indiscriminately sift through an agency's files in search of records or information which cannot be reasonably identified or described to the agency." Id. at 137 (internal quote marks omitted) (citing Limstrom v. Ladenberg, 136 Wn 2d 595, 604-05. 963 P.2d 869 (1998)). The trial court correctly concluded Hood did not have the right under the PRA to search McCarthy's laptop

Hood requests an award of appellate fees and costs. Given that a prevailing party in a PRA action may be awarded costs and attorney fees at the discretion of the trial court, Neigh., 172 Wn.2d at 725, we reserve to the trial court the appropriateness of such an award at the conclusion of the case.

For these reasons, we reverse summary judgment and remand for further proceedings consistent with this opinion

WE CONCUR:

_Andrus, J._

_Chun, J._

_Mann, ACJ_