IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DONALD HERRICK, | ) | No. 37362-2-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEPARTMENT OF SOCIAL AND | ) | |
| HEALTH SERVICES (DSHS) AND THE | ) | |
| SPECIAL COMMITMENT CENTER | ) | |
| (SCC), | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Donald Herrick commenced an action against the

Department of Social and Health Services Special Commitment Center to enforce his

rights under the Public Records Act (PRA), chapter 42.56 RCW. The trial court entered a

split decision. Herrick appealed and DSHS cross appealed. We reverse and remand.

## FACTS

Until recently, Donald Herrick was a civil detainee of the Department of Social

and Health Services Special Commitment Center (SCC), facing a potential lifetime of

total confinement.  Between December 2015 and May 2016, Herrick directed three PRA

requests to SCC.

Herrick's first request related to an investigation of an SCC employee, Carol

Olson.  The request sought documents, including, "Any and all videos, photographs etc.

that have been used, or viewed, as part of the above requests/investigations in any way."

Clerk's Papers (CP) at 44.  In response to this request, SCC produced various documents,

including a photograph of Carol Olson.  SCC completely redacted Ms. Olson's image

from the photograph.

Herrick's second request was for a complete copy of SCC's mail log for all

residents.  Herrick later narrowed the request to a time frame beginning January 1, 2011.

SCC adequately responded to this request.

Herrick's third request was for a complete copy of his own SCC mail log.  He did

not narrow the time frame for this request.  SCC responded that it did not keep individual

mail logs for its residents.  It, therefore, did not produce any documents with respect to

Herrick's third request.

In May 2017, Herrick commenced this action, seeking to obtain an unredacted

photograph of Ms. Olson, an adequate response to his third request, and an award of

penalties.

In February 2018, SCC moved for summary judgment. It asserted Ms. Olson's

photograph was exempt under two provisions, RCW 42.56.230(1)[1] and RCW 42.56.240.[2]

SCC also asserted it has a general mail log for all residents, but does not have individual

mail logs. It explained it once created a record for a resident who made a PRA request

for a one-month period of his mail log. SCC argued this did not create an obligation for it

to create a record for Herrick. SCC alternatively argued it complied with the PRA

because the documents it provided in response to Herrick's second PRA request (mail log

for all residents) contained the same information Herrick sought in his third PRA request

(mail log for him). Herrick opposed SCC's motion.

The trial court determined that Ms. Olson had a right to privacy that permitted

SCC to redact her photograph, and so it partially granted SCC's motion. SCC did not

prevail on the other aspect of its motion. The trial court found that because SCC had

produced an individual mail log for a previous resident, Herrick's requested document

"did exist." CP at 218. Despite Herrick never moving for summary judgment on that

issue, the trial court granted Herrick summary judgment on it. Eventually, the trial court

---

[1] RCW 42.56.230(1) exempts "[p]ersonal information in any files maintained for students in public schools, patients or clients of public institutions or public health agencies, or welfare recipients."

[2] RCW 42.56.240 contains numerous subsections, and SCC never clarified which subsection it believes applies.

realized Herrick had not requested summary judgment and amended its ruling. Herrick thereafter requested summary judgment on that issue, and the trial court granted his request. Again, the trial court found that Herrick's personal mail log existed.

The trial court requested briefing so it could consider the appropriate per diem penalty for SCC's failure to provide Herrick's mail log. Herrick's brief outlined relevant factors and requested that the court impose a $70 daily penalty. SCC similarly outlined relevant factors and requested that the court impose only a nominal daily penalty. In a written decision, the trial court discussed the parties' arguments and determined that a $15 per day penalty was appropriate. In its determination, it noted SCC's response that the mail log records did not exist "showed a lack of proper training and/or supervision, negligence, and unreasonableness in any explanations given for noncompliance." CP at 591. It found Herrick was "denied the right to inspect or copy documents responsive to his PRA request . . . for 806 days" and imposed a total penalty of $12,090. CP at 591-92.

Herrick moved for reconsideration of the daily penalty amount, and the trial court denied his motion. Herrick timely appealed the trial court's adverse summary judgment order related to Ms. Olson's photograph and also the trial court's $15 daily penalty related to SCC's failure to provide his mail log. SCC cross appealed the trial court's order granting Herrick's motion for summary judgment on his mail log request.

ANALYSIS

A.   THE REDACTED PHOTOGRAPH OF MS. OLSON

Herrick contends the trial court erred by ruling as a matter of law that SCC

properly redacted Ms. Olson's photograph.  The Department responds: "[I]n light of this

Court's decision in *DeLong* [*v. Parmelee*, 157 Wn. App. 119, 236 P.3d 936 (2010)] and

[the] principle that agencies may not consider the identity of the requester when

responding to a PRA request, the SCC does not contest Mr. Herrick's argument that this

Court should reverse the summary judgment order . . . ."  Resp't's Br. at 14-15.  We

accept the Department's concession.  Also, we doubt the subject photograph is exempt

under RCW 42.56.230(1) or RCW 42.56.240.  *See DeLong*, 157 Wn. App. at 130-31

(employee photograph is not exempt from disclosure under the privacy exemption

because it is not the type of intimate personal information the PRA intended to protect).

SCC requests, on remand, it be permitted to rely on other exemptions or defenses it

has for this claim.  Herrick objects.  This issue is not properly before us, and we express

no opinion on it.

B.   HERRICK'S MAIL LOG

SCC cross appeals and contends the trial court erred when it granted summary

judgment in favor of Herrick on his mail log request.  We agree.

On review of a summary judgment order, we engage in the same inquiry as the trial court. *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 165 Wn.2d 679, 685, 202 P.3d 924 (2009). All facts and reasonable inferences are considered in a light most favorable to the nonmoving party. *Berger v. Sonneland*, 144 Wn.2d 91, 102-03, 26 P.3d 257 (2001). Summary judgment is appropriate only when there are no disputed issues of material fact and the prevailing party is entitled to judgment as a matter of law. CR 56(c). A fact is material when the outcome of the litigation depends on it, in whole or in part. *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). Summary judgment is appropriate if reasonable persons could reach but one conclusion from all the evidence. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 140, 331 P.3d 40 (2014).

Under the PRA, an agency has no duty to produce a record that does not exist. *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 522-23, 326 P.3d 688 (2014); *see also Sperr v. City of Spokane*, 123 Wn. App. 132, 136-37, 96 P.3d 1012 (2004) (an agency has no duty to produce or create a record that does not exist). Despite the trial court's finding, the undisputed evidence is that SCC's mail log was a general one for all residents, and it did not keep a mail log for any individual resident. Although SCC

6

once created a personal mail log for one resident, that resident's PRA request was limited to one month. The fact that SCC once created a one-month personal mail log for one resident is not evidence it had a complete personal mail log for Herrick.

*Fisher Broadcasting* suggests the PRA requires an agency to provide documents that contain information responsive to a PRA request. 180 Wn.2d at 524. Here, the general mail log contained such information. SCC argued below that its response to Herrick's second PRA request (mail log for all residents) included all of the information Herrick sought in his third PRA request (mail log for him). SCC does not raise this issue on appeal. Even if it would have raised this issue, the record does not establish that SCC provided a mail log for all residents back to when Herrick became a resident in 2010. This will need to be determined on remand.

We conclude the trial court erred when it found, contrary to the undisputed evidence, that SCC kept a mail log for Herrick. We, therefore, reverse the trial court's summary judgment order with respect to Herrick's request for a personal mail log. Because summary judgment on this issue was improvidently granted, we also reverse the trial court's daily penalty order.

No. 37362-2-III
*Herrick v. Dep't of Soc. & Health Servs.*

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Pennell, C.J.                                     Fearing, J.

8